## JURISDICTION IN THE MATTER OF SUSPENDED SENTENCES.

Court of Appeals for Stark County.

IN RE APPLICATION OF LEONARD PONTIUS FOR A
WRIT OF HABEAS CORPUS.

Decided, November 29, 1916.

*Habeas Corpus—For a Prisoner Placed on Probation and Afterwards Re-incarcerated—Judge Without Power to Set Aside a Suspended Sentence After the Period for Which Sentence Was Pronounced.*

A judge has no authority to set aside a sentence which he has theretofore suspended, if the period covered by the sentence as originally pronounced has expired.

*Amerman & Mills,* for Pontius.

*Clarence A. Fisher, Herbert Hunker* and *Walter S. Ruff,* contra.

HOUCK, J.

Error to the Court of Common Pleas of Stark County.

Leonard Pontius, the plaintiff in error, who had been committed to the Canton workhouse by the police court of said city, filed a petition in the Court of Common Pleas of Stark County, Ohio, for a writ of habeas corpus, which having been denied, error was prosecuted thereto. The agreed facts are as follows:

Leonard Pontius was convicted of a violation of an ordinance of the city of Canton, Ohio, providing for the punishment of

persons found guilty of disorderly conduct. Said conviction was had before the police court of said city on the 27th day of May, 1916, and on that day Pontius was sentenced to the Canton workhouse for a period of thirty days, the same being suspended conditionally upon his good behavior. The longest period for which the accused could have been sentenced by said police court, under said ordinance, was thirty days.

The judge of said police court, on the third day of August, 1916, set aside the order suspending said sentence, and ordered and directed that the same be enforced, and pursuant thereto the petitioner was committed to the workhouse.

At the hearing on habeas corpus it was the claim of counsel for Pontius that the police court was without jurisdiction to put into execution a suspended sentence, after a period of time had expired longer than the length of time that the petitioner could have been sentenced for the offense charged.

The aim and purpose of the writ of habeas corpus is the speedy release, by judicial decree, of persons who are illegally and unlawfully restrained of their liberty. While a writ of habeas corpus is in the nature of a writ of error, to the extent that it brings before the reviewing court the legality as to the right and by what authority the accused is confined, it is also well settled that the writ will not be allowed to take the place of proceedings in error.

The power of courts and judges in habeas corpus is clearly defined by statute. The power to discharge is limited to cases where the imprisonment is found to be without authority of law. This can not be extended or enlarged simply to meet a seeming case where an injustice may or may not have been done. The real test must be, Is the petitioner lawfully restrained of his liberty?

Section 12177 of the General Code provides that when the judge is satisfied that the petitioner is unlawfully imprisoned or detained, he shall forthwith discharge him from confinement.

Section 12165 of the General Code provides:

"If it appears that the person alleged to be restrained of his liberty is in custody of an officer, under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and the court or magistrate had jurisdiction to issue

the process, render the judgment, or make the order, the writ shall not be allowed.''

If the police court had authority to issue the process and order the petitioner committed to the workhouse sixty-eight days after the sentence of thirty days had been imposed and suspended, then the judgment of the common pleas court must be affirmed; otherwise it should be reversed. The question is, did the police court have jurisdiction over the person of the petitioner and of the subject-matter of the controversy at the time it set aside the order suspending the sentence and issued the order and process committing Pontius to the workhouse? If the court was without jurisdiction to do this, then the petitioner is unlawfully deprived of his liberty, and should be discharged.

This question must be determined by the proper construction to be placed upon Section 13714 of the General Code, which is as follows:

''Upon such revocation and termination, the court or magistrate may pronounce judgment at any time after the suspension within the longest period for which the defendant might have been sentenced, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence.''

We think this section of the statute is clear, plain and unambiguous; and by its provisions the police court was given authority to revoke or set aside the order of suspension, and enforce the execution of the sentence in question at any time within the thirty days after its suspension, which thirty-day period was the longest time that the police court, under the ordinance, could sentence the petitioner. After this thirty-day period the court was without jurisdiction in the premises.

The police judge was humane, and wanted, if possible, to bring about a reformation of the accused, and therefore acted well his part and suspended the sentence for thirty days—the longest period given by law. We commend the court for it, and it is to be regretted that the accused did not profit thereby. When the court suspended the sentence for thirty days the accused was placed upon his good behavior, and the court took the chance of his reforming within the thirty-day period, and

if at the end of that period he had not done so, the court thereafter was without jurisdiction in the premises.

The court had authority and jurisdiction, in this case, to enforce the execution of the sentence any time within the said thirty days, but not thereafter. During this thirty-day period the petitioner was, in law, imprisoned. Imprisonment is not confined to the act of putting a man in prison; it may take place without actual application of any physical agencies of restraint, such as locks or bars; it may be and can be by verbal compulsion. Any restraint of one's personal liberty is sufficient to constitute imprisonment, and any detention of a person by another, against his will, is imprisonment as contemplated by law; and if it be without right is unlawful.

We hold that an order setting aside the suspension of the sentence in the case at bar might legally have been made any time within the thirty-day period, and process issued by the police court committing the petitioner to the workhouse, but after the thirty-day period the police court was without jurisdiction to act in the premises.

Upon a careful examination of the record before us we have reached the conclusion that there is error in the record to the prejudice of the plaintiff in error, for the reasons hereinbefore set forth, and therefore the judgment of the common pleas court is reversed, and judgment entered for the plaintiff in error. And there being no disputed questions of fact in this case, the court coming now to render the judgment that the court below should have rendered, it is ordered and adjudged by the court that the writ of habeas corpus be allowed, as prayed for by the petitioner below, the plaintiff in error here, and that said petitioner be discharged from his imprisonment, and be released from the custody of the superintendent of the Canton, Ohio, workhouse, at the costs of the respondent, and this cause is remanded to the common pleas court with instructions to carry into execution the judgment of this court.

SHIELDS, J., and POWELL, J., concur.