Kunkle, J.
This action was brought by plaintiff in error, Percy Witters, to enjoin defendant in error, Lynn Browne, as sheriff of Darke county, Ohio, from proceeding under an execution issued by the probate court of Darke county in a criminal *311 action wherein plaintiff in error was adjudged to pay a certain fine and costs.
Plaintiff in error claims that the probate court, at the time sentence was imposed, ordered the sentence suspended, but neglected to enter it of record.
It further appears from the petition that a motion to enter such order of suspension nunc pro tunc was overruled by the probate court, and that a motion for a new trial filed within three days after such refusal is still pending.
A demurrer was filed and sustained to the petition, and, the plaintiff not desiring to amend, a final judgment was entered dismissing the petition.
From said judgment, plaintiff in error prosecutes error to this court.
The only question for consideration relates to the sufficiency of the petition.
Two questions were presented:
1. As to the alleged suspension of the sentence.
2. As to the delay in the enforcement of the sentence.
As to the first proposition, it is conceded that an application was made to the probate court to enter such order of suspension nunc pro tunc, and that such application was refused.
The effect of such refusal was to adjudicate conclusively that no such order of suspension was made.
If such adjudication was erroneous, the remedy of plaintiff in error was to prosecute error therefrom.
Such adjudication can not be impeached collaterally. The filing of the motion for a new trial and the failure of the court to pass upon the same *312 do not operate to annul the finding and judgment upon the application for a nunc pro tunc order.
Plaintiff’s remedy in case the probate court refused to pass upon such motion for a new trial was to compel action thereon by a writ of mandamus.
As to the second proposition, we have carefully examined the authorities presented and after a careful examination thereof are of opinion that in Ohio the mere failure to issue an execution upon the judgment in question, under such circumstances as set forth in the petition, is not a bar to an execution now issued thereon and in the hands of defendant in error as sheriff.
Considerable stress is laid upon a recent case of In re Pontius, 6 Ohio App., 249, decided by the fifth appellate district. We have carefully considered that decision and are of opinion that the case at bar is clearly distinguishable from the one decided by the fifth appellate district.
The fifth appellate decision involved a sentence of imprisonment for a fixed term, and the court merely held that under Section 13714, General Code, the trial court could not revoke a suspended sentence and proceed to execute it after the expiration of the longest period for which the defendant could have been sentenced. The case at bar contains no fixed sentence of imprisonment, but merely provides for imprisonment as a means of enforcing the collection of the fine and costs, and there is no special statute limiting the time for executing the sentence under consideration. The demurrer having been properly sustained, the judgment should be affirmed.
*313 Execution of sentence may be suspended for thirty days if counsel desire to secure the judgment of the supreme court upon this case.

Judgment affirmed.

Allread and Ferneding, JJ., concur.