IN RE APPLICATION OF NUNLEY FOR HABEAS
CORPUS.

*Criminal law — Suspended sentence — Revocation during probation
period — Habeas corpus.*

A court, after suspending a sentence and placing the prisoner on
probation in charge of a probation officer, may, at any time
within the period of probation, as fixed by the entry suspending
execution of sentence and placing the defendant on probation,
revoke the suspension of sentence and cause the sentence to be
carried into execution.

(Decided March 5, 1920.)

ERROR:    Court of Appeals for Cuyahoga county.

*Mr. R. R. Cheeks,* for Reuben Nunley.
*Mr. E. C. Stanton,* for State of Ohio.

WASHBURN, J.    This case was submitted in the
court below on an agreed statement of facts, from
which it appears that Reuben Nunley was arrested
for the violation of an ordinance of the city of
Cleveland and duly convicted in the municipal
court of that city, by which court he was sentenced
to thirty days imprisonment at the Warrensville
Correction Farm, which was the maximum impris-
onment which the court could impose under the
ordinance; that on the same day the sentence was
suspended and Nunley was placed on probation for
a period of one year under the charge of the regular
probation officer; that about six months thereafter,
upon complaint of the probation officer, charging
that Nunley had violated the conditions of his
parole, he was brought before the municipal court,

which court revoked and terminated its order suspending the sentence and ordered that Nunley be imprisoned for thirty days in accordance with the sentence. Nunley brought an action in *habeas corpus* to secure his release from such imprisonment.

At the trial, on this statement of facts, the common pleas court found that Nunley was in the custody of an officer under process issued by a court having jurisdiction to issue the same and that therefore he was not unlawfully imprisoned. The court refused the writ and dismissed the petition.

As a reason why we should reverse the judgment of the court below, it is claimed that after the expiration of the thirty-day period for which Nunley was originally sentenced the municipal court was without jurisdiction to resentence him or make an order carrying into execution the original sentence, and it is said that a proper construction of Section 13714, General Code, requires the court to so find.

Said section is to be construed in connection with other sections of the statute *in pari materia*. By Section 13711, when a defendant is sentenced to a correctional institution the court is authorized to suspend the execution of the sentence and place the defendant on probation in charge of a probation officer, and may "direct that such suspension continue for such time, not exceeding two years, and upon such terms and conditions as it shall determine."

Section 13712 provides that no order for probation shall be issued unless the court designates some suitable person to act as probation officer in such

case, and requires that such person shall make written reports to the court concerning the conduct of the defendant.

Section 13713 provides that "at any time until the final disposition of the case," that is, while such defendant is in the care of said probation officer, the officer may bring the defendant before the court, or the court may issue a warrant and rearrest the defendant, and that if it appear to the court from the report of the probation officer or otherwise that the defendant is violating the conditions of his probation, or is engaged in a criminal practice, or has become abandoned to improper associates, or vicious life, the court may revoke and terminate such probation. Section 13714 then provides as follows:

"Upon such revocation and termination, the court or magistrate may pronounce judgment at any time after such suspension within the longest period for which the defendant might have been sentenced, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence."

Section 13715 provides that the court *"at any time during the term of probation* may revoke or modify its order of execution of sentence, and, at any time, when the ends of justice will be subserved thereby and the good conduct and reform of the person so held in probation shall warrant it, may terminate the period of probation and discharge the person so held."

We cannot reach the conclusion that Section 13714, when construed in connection with these other statutes, means that the court can revoke its suspension of sentence and cause said sentence to

be carried into execution only within the period for which the defendant could have been sentenced in the first instance; on the contrary we think it clear that the court has such authority *within the period of probation* as fixed by the entry suspending execution of sentence and placing the defendant on probation. When the suspension of sentence is revoked, the court cannot sentence the defendant for a longer period than might have been given when the probation was ordered, indeed, in a strict sense, there does not seem to be any necessity for a resentencing of the defendant under such circumstances; all that would seem to be necessary would be a revocation of the suspension and an order that the original sentence be carried into execution.

These statutes provide for a probation period without reference to the length of time defendants may be sentenced for various offenses; and they provide that the defendant shall be subject to the court during such probation period, that the court may terminate such probation period at any time, and that the defendant shall be in the care of such probation officer during the continuance of such probation period. The construction contended for would render all of these provisions of no practical effect, and, as we think, would virtually destroy the probation statutes.

We are cited to a decision by the court of appeals of Stark county, *In re Application of Pontius,* 6 Ohio App., 249, which it is said is authority for the construction contended for. While an examination of the printed report of that case does not disclose that the suspension of sentence was by virtue of and in accordance with the probation laws, it has been

made to appear to the court from the record in that case that it was a case where the court availed itself of the probation provisions of the statute, and the identical question presented in this case was presented and decided. As we can not agree with that court's construction of the statute it becomes our duty to certify this case to the supreme court for review and final determination.

The judgment of the court below will be affirmed and the case certified to the supreme court.

*Judgment affirmed.*

DUNLAP, P. J., and VICKERY, J., concur.