## Ex parte OLLIE EATON.

No. A-5240.   Opinion Filed Feb. 28, 1925.
(233 Pac. 781.)

(Syllabus.)

**Constitutional Law—Judgment and Sentence—Suspension of Sentence of Imprisonment Revokable Only Within Period Imposed in Sentence—Statutes Relating to Suspension of Sentence Held not to Invade Pardoning Power.** Where a youth has been sentenced for an offense imposing confinement in the penitentiary for a term of two years and such sentence is suspended during good behavior under the provisions of sections 2803 and 2804, Compiled Statutes 1921, the language "to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge," imports that the sentence can be revoked only within the period imposed in the sentence, and that a revocation of a parole after that period is ineffective, and after that period the court is without power to enforce the original judgment. (a) These statutes held constitutional as not being an invasion of the pardoning power.

Habeas corpus by Ollie Eaton. Writ awarded, and petitioner discharged.

Hardie & Grim, for petitioner.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

EDWARDS, J.   The petitioner alleges that he is unlawfully restrained of his liberty at the state reformatory at Granite, Okla., and shows that on the 7th day of March, 1922, petitioner entered his plea of guilty in the district court of Roger Mills county for the offense of larceny of domestic fowls, and was by the district judge sentenced to serve a term of two years; that said sentence was suspended under the provisions of section 2803, Compiled Statutes 1921, and thereafter on the 29th day of February, 1924, an affidavit was filed in the said district court of Roger Mills county setting out that the petitioner had been guilty of a violation of law, and asking that the suspended sentence be revoked.   On the 5th day of May, the judge of the district court made an order revoking the parole or suspended sentence theretofore granted, and ordered the petitioner transported to the state reformatory at Granite to serve the full time of the sentence.

The sections of the statute authorizing the suspended sentence, sections 2803 and 2804, Compiled Statutes 1921, are as follows:

"Whenever any youth twenty-one years of age or under shall be convicted in any court of record of any crime other than murder, manslaughter or arson, the judge trying said cause may, after sentence, suspend said judgment and sentence, and allow said youth so convicted to be released upon his own recognizance: Provided, that no such youth shall be so released who has not, prior thereto, borne a good reputation, or who may have been, prior thereto, convicted of any crime in any state or territory of the United States.

"Any youth so released as provided in the preceding section shall be required to report to the judge of the court wherein convicted, at each succeeding term during the pend-

ency of said judgment, or when required by the court or judge, and prove to the satisfaction of said judge by two citizens of said county, of good reputation, that said youth has not violated any law, and has been a quiet, peaceful and law-abiding citizen: Provided, that if it shall be made appear to said judge that said youth so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said court shall cause a warrant to be issued for said youth, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced."

We believe that the sections of the statute above set out are constitutional and do not invade the province of the Governor, or chief executive, of the state in extending executive clemency. In this particular, executive clemency is to be distinguished from judicial authority, and the question for determination is: Does the district court have power under the statute above quoted to revoke the suspended sentence after the time covered by the sentence had run?

It will be observed that section 2804, supra, requires the person so released "to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge." We think the statute is clear, but if there is any ambiguity it should be resolved in favor of the person sentenced. It was evidently the legislative intent that in case of sentence imposed upon a minor other than for certain specific offenses, who had previously borne a good reputation and had not been convicted of any crime, such person should not be incarcerated if, during the term of the sentence, he conformed to certain conditions by reporting to the court, abstaining from associating with objectionable persons, and other conditions, and if before the expiration of the term of the sentence such person did violate the terms of his parole or suspended sentence, the court had the power

to revoke the same and enforce the original sentence. After the expiration of the term of the sentence, he was no longer required to report, and the sentence was discharged.

It was certainly not the intention of the lawmakers to hold the sentence over the head of the person paroled so long as he should live, but only during the pendency of the judgment. To hold otherwise would be contrary to the spirit and policy of the law. And if within one year after the sentence has terminated, for any violation of the law or for associating with persons prohibited by the statute, the court may revoke the suspended sentence or parole and compel the incarceration of the person paroled, it might do so at any time thereafter.

The court in the case of People v. Reilly, 53 Mich. 260, 18 N. W. 849, mentions the execution of Sir Walter Raleigh, in the reign of James I, 15 years after his conviction.

The Supreme Court of New Mexico, in the case of Ex parte Lujan, 18 N. M. 310, 137 P. 587, takes the contrary view to that here announced and holds that the court may enforce the original sentence after the time has expired.

In the case of People ex rel. Lindauer v. O'Donnell, 37 Cal. App. 192, 174 P. 102, the court held that—

"The authority of a court to suspend a sentence or the execution thereof in a criminal case and liberating the defendant for a certain period is wholly statutory, and the statute itself furnishes the measure of the power which may thus be exercised. Nothing which cannot be found in the statute or which is not reasonably and fairly or necessarily within the reason or spirit or intent thereof can be imported into it by the courts. When therefore the Legislature says, as it has said, that the order of suspension and probation may be revoked or modified during the term of probation, without adding language so qualifying that provision as to justify the construction that the time when such revocation or modification may be made is extended beyond the term or period of probation, the necessary implication is that it was not the legislative intention to con-

fer upon the court the right to exercise that power after the time at which the period of probation has expired. Indeed, this view of subdivision 4 of the statute in question follows from a consideration of its language by the light. of the faimilar statutory rule of construction, 'Expressio unius est exclusio alterius.' "

But it is to be noted, however, that the California statute, giving the court power to suspend sentence, provides that after the term of probation the person sentenced shall be discharged. Generally, in those statutes where this power to parole or suspend sentences is given the court, its power to revoke is limited by statute. In re Leonard Pontius, 6 Ohio App. 249; People v. Patton, 221 N. Y. 409, 117 N. E. 614; State v. Hoggard, 180 N. C. 678, 103 S. E. 891; People v. Dudley, 173 Mich. 389, 138 N. W. 1044.

In this case, however, we believe that the statute here under consideration requiring a report by the person sentenced "during the pendency of the judgment" discloses the legislative intent, and that after the expiration of the term of the judgment the court is without power to enforce the original sentence.

The writ is awarded, and the petitioner discharged.

BESSEY, P. J., and DOYLE, J., concur.