Ex parte FOREST KING.

No. A-6929.   Opinion Filed April 23, 1928.
(266 Pac. 511.)

I. F. Long, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. This case originates in this court by an application for writ of habeas corpus on the part of Forest King. From the petition and return to the rule to show cause issued thereon it appears that on the 2d day of February, 1926, petitioner entered his plea of guilty in the district court of Osage county for the crime of larceny, and was by the district judge sentenced to serve a term of two years in the State Reformatory at Granite, and was at the same time paroled by the district judge during good behavior, he being then and there under 21 years of age; that said sentence was suspended under the provisions of section 2803, C. S. 1921; that thereafter, on or about the 23d day of February, 1928, he was charged by information with having violated his parole, and the same was by order of the court on said day revoked, and that petitioner was by reason of said order arrested by the sheriff of Osage county and placed in the county jail at Pawhuska.

It is averred that said restraint is illegal and unauthorized, for the reason that at the time the said parole was so revoked the two years' sentence given him on the 2d day of February, 1926, had expired on the 2d day of February, 1928, and the district court or judge thereof had no right to revoke said parole, and that the order revoking the same was and is void; that therefore his restraint is illegal and unauthorized and without authority of law.

The rule to show cause, issued on the 8th day of March, 1928, was made returnable on the 12th day of March, and it was ordered that, pending the determination of the hearing, petitioner be released on his own recognizance.

The sections of our Code of Criminal Procedure authorizing the suspension of sentence are sections 2803 and 2804, C. S. 1921, and were construed in the case of Ex parte Eaton, 29 Okla. Cr. 275, 233 P. 781. In the opinion it is said:

"We believe that the sections of the statute above set out are constitutional and do not invade the province of the Governor, or chief executive, of the state in extending executive clemency. In this particular, executive clemency is to be distinguished from judicial authority, and the question for determination is: Does the district court have power under the statute above quoted to revoke the suspended sentence after the time covered by the sentence had run? It will be observed that section 2804, supra, requires the person so released to 'to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge.' We think the statute is clear, but if there is any ambiguity it should be resolved in favor of the person sentenced. It was evidently the legislative intent that in case of sentence imposed upon a minor other than for certain specific offenses who had previously borne a good reputation and had not been convicted of any crime, such person should not be incarcerated if, during the term of the sentence, he conformed to certain conditions by reporting to the court, abstaining from associating with objectionable persons, and other conditions, and if before the expiration of the term of the sentence such person did violate the terms of his parole or suspended sentence, the court had the power to revoke the same and enforce the original sentence. After the expiration of the term of the sentence, he was no longer required to report, and the sentence was discharged. It was certainly not the intention of the lawmakers to hold the sentence over the head of the person paroled so long as he should live, but only

during the pendency of the judgment. To hold otherwise would be contrary to the spirit and policy of the law."

It appearing that the term for which the petitioner was sentenced having expired, the judge of the district court was without power to enforce the original judgment.

On the authority of Ex parte Eaton, supra, the writ is awarded, and petitioner discharged.

EDWARDS and DAVENPORT, JJ., concur.