## In re DAN WORKMAN.

No. A-10237.   April 8, 1942.
(124 P. 2d 748.)

226

E. B. Arnold, of Stilwell, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess Pullen, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus brought by the petitioner, Dan Workman, to secure his release from imprisonment in the penitentiary at McAlester.

The verified petition filed herein alleges:

"That the cause of said restraint, according to the best knowledge and belief of your Petitioner is as follows: by virtue of a commitment issued by the Honorable Enloe V. Vernon, District Judge within and for Adair County, Oklahoma, on the 10 day of November, 1941. A certified copy of said commitment being hereto attached, marked Exhibit 'A', and made a part hereof.

"Your Petitioner alleges that said restraint is illegal and unauthorized, in this

"That on the 8 day of August, 1938, he entered a plea of guilty in the District Court within and for Adair County, Oklahoma, to the offense of Grand Larceny, and was by the judge of said court, sentenced to serve two years in the Penitentiary at McAlester, Oklahoma; and that under and by virtue of the provisions of House Bill No. 136 of the Acts of the 1937 Legislature, Article 2, Chapter 17 [22 O. S. 1941 §§ 991, 992], said sentence was suspended by said Judge.

"That thereafter on the 10 day of November, 1941, after the elapse of more than two years, your Petitioner

was committed to the Penitentiary at McAlester, under and by virtue of said judgment and sentence aforesaid.

"Your Petitioner further represents that said Court, after the expiration of two years, had lost jurisdiction of said cause, and was without authority to commit your Petitioner to said Penitentiary.

"Your Petitioner further shows the Court that there were no other charges filed or pending against him in the District Court of said County of Adair, except the charges hereinbefore referred to, Case No. 1310, a certified copy of the minutes of the Court Clerk of Adair C o u n t y, Oklahoma, in said cause is hereto attached, marked Exhibit 'B' and made a part hereof."

A rule to show cause was issued and the Attorney General, on behalf of the respondent, has appeared before this court and confessed that the district judge of Adair county committed error in revoking the suspended sentence and committing petitioner to the penitentiary after the term for which the petitioner was sentenced had expired.

In the case of Ex parte King, 40 Okla. Cr. 21, 266 P. 511, the syllabus reads:

"Where a youth has been sentenced for an offense imposing confinement in the state reformatory for a term of two years, and such sentence is suspended during good behavior under the provisions of sections 2803 and 2804, Compiled Statutes 1921, O. S. 1941, tit. 22, secs. 991, 992, the language, 'to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge,' imports that the sentence can be revoked only within the period imposed in the sentence, and that a revocation of a parole after that period is ineffective, and after that period the court is without power to enforce the original judgment."

In that case the petitioner had entered his plea of guilty to the crime of larceny on February 2, 1926, and

was, by the district judge, sentenced to serve a term of two years in the state reformatory and the sentence was suspended; thereafter, on February 23, 1928, just 21 days after the two years had expired, the court revoked the suspended sentence and placed the petitioner in the county jail of Osage county. In disposing of that case Judge Doyle quoted from the case of Ex parte Eaton, 29 Okla. Cr. 275, 233 P. 781, as follows:

"We believe that the sections of the statute above set out are constitutional and do not invade the province of the Governor, or chief executive, of the state in extending executive clemency. In this particular, executive clemency is to be distinguished from judicial authority, and the question for determination is: Does the district court have power under the statute above quoted to revoke the suspended sentence after the time covered by the sentence had run? It will be observed that section 2804, supra, requires the person so released 'to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge.' We think the statute is clear, but if there is any ambiguity it should be resolved in favor of the person sentenced. It was evidently the legislative intent that in case of sentence imposed upon a minor other than for certain specific offenses who had previously borne a good reputation and had not been convicted of any crime, such person should not be incarcerated if, during the term of the sentence, he conformed to certain conditions by reporting to the court, abstaining from associating with objectionable persons, and other conditions, and if before the expiration of the term of the sentence such person did violate the terms of his parole or suspended sentence, the court had the power to revoke the same and enforce the original sentence. After the expiration of the term of the sentence, he was no longer required to report, and the sentence was discharged. It was certainly not the intention of the lawmakers to hold the sentence over the head of the person paroled so long as he should live, but only

during the pendency of the judgment. To hold otherwise would be contrary to the spirit and policy of the law."

See, also, Ex parte T. J. Bell, 57 Okla. Cr. 257, 47 P. 2d 886.

On the authority of these cases, the confession of error filed by the Attorney General is sustained, the writ is awarded, and petitioner discharged from custody.

BAREFOOT, P. J., concurs.   DOYLE, J., absent.