Ex parte WILLIAM MILLER.

No. A-11189.   March 9, 1949.

(203 P. 2d 890).

Elmore A. Page, of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J.   This is an original action in habeas corpus instituted by the petitioner, William Miller, to secure his release from confinement in the State Penitentiary.   The verified petition alleges that on December 7, 1946, the petitioner entered a plea of guilty before the district court of Garfield county to the charge of grand larceny, and was thereupon sentenced to serve two years imprisonment in the State Penitentiary at McAlester; at the same time and place the execution of said sentence was suspended in accordance with the statutory provisions.   That thereafter on August 2, 1948, the county attorney of Garfield county presented an oral application for revocation of the suspended sentence, a bench war-

rant was issued for the petitioner's arrest and the petitioner was accordingly arrested and incarcerated in the county jail of Garfield county and was there incarcerated for a period of 45 days before being released upon an appearance bond. That thereafter, on January 8, 1949, the county attorney of Garfield county filed a written application with the district court of Garfield county asking that the suspended sentence of petitioner be revoked; that a hearing was held on said application on January 15, 1949, at which time the district court of Garfield county entered an order revoking the suspended sentence of the petitioner and ordering him committed to the penitentiary to serve said sentence; that immediately thereafter the petitioner was transported to the State Penitentiary to serve said sentence and he is now incarcerated in said penal institution serving said sentence.

That your petitioner alleged that said imprisonment is illegal and unauthorized for the reason that the period of the petitioner's suspended sentence had wholly expired prior to the time of the revocation of his suspended sentence and that the court lacked jurisdiction to revoke his suspended sentence at the time the revocation was made.

At the hearing before this court, it was established that the order revoking the suspended sentence was made after a hearing on January 15, 1949, which was more than two years after the judgment and sentence of two years' imprisonment in the State Penitentiary was rendered against the petitioner which sentence was suspended under the provisions of the statutes. Tit. 22 O.S. 1941 §§ 991 and 992.

As justification for the delay in the action that was taken to revoke the suspended sentence, it was shown

that the petitioner had been charged with a violation of the law in Pittsburg county and that at the time of his arrest in August, 1948, the charges had not been adjudicated against him and for that reason the county attorney did not wish to attempt to revoke his suspended sentence until after said charges had been adjudicated; that thereafter, the hearing on said oral application to revoke the suspended sentence was postponed from time to time at the request of the petitioner.

The question herein presented has become well settled in several decisions of this court. In the case of In re Workman, 74 Okla. Cr. 225, 124 P. 2d 748, the syllabus reads:

"Where a person has been sentenced to serve two years in the State Penitentiary and such sentence is suspended during good behavior under the provisions of O.S. 1941, Tit. 22, secs. 991, 992, the language 'to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge,' imports that the sentence can be revoked only within the period of time imposed in the sentence, and a revocation of a suspended sentence after that period is ineffective, and after that period the court is without power to enforce the original judgment."

In the case of Ex parte Eaton, 29 Okla. Cr. 275, 233 P. 781, 782, this court held:

"It will be observed that section 2804 [22 O.S. 1941 § 992], supra, requires the person so released 'to report to the judge of the court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the court or judge.' We think the statute is clear, but if there is any ambiguity it should be resolved in favor of the person sentenced. It was evidently the legislative intent that in case of sentence imposed upon a minor other than for certain specific of-

fenses, who had previously borne a good reputation and had not been convicted of any crime, such person should not be incarcerated if, during the term of the sentence, he conformed to certain conditions by reporting to the court, abstaining from associating with objectionable persons, and other conditions, and if before the expiration of the term of the sentence such person did violate the terms of his parole or suspended sentence, the court had the power to revoke the same and enforce the original sentence. After the expiration of the term of the sentence, he was no longer required to report, and the sentence was discharged.

"It was certainly not the intention of the lawmakers to hold the sentence over the head of the person paroled so long as he should live, but only during the pendency of the judgment. To hold otherwise would be contrary to the spirit and policy of the law. And if within one year after the sentence has terminated, for any violation of the law or for associating with persons prohibited by the statute, the court may revoke the suspended sentence or parole and compel the incarceration of the person paroled, it might do so at any time thereafter."

To the same effect are the following cases: Ex parte King, 40 Okla. Cr. 21, 266 P. 511; Ex parte Bell, 57 Okla. Cr. 257, 47 P. 2d 886.

The writ is awarded and the prisoner is discharged from custody.

BAREFOOT and BRETT, JJ., concur.