# Ex parte ARNETT.

No. A-11451.   Dec. 13, 1950.

(225 P. 2d 381.)

Carder & Carder, Hobart, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., J. Carpenter Hughes, County Atty., and Fred Cunningham, Asst. County Atty., Hobart, for respondent.

JONES, P. J. This is an original action in habeas corpus instituted by the petitioner, James Arnett, for the purpose of securing his release from confinement in the county jail of Kiowa county.

The facts are not disputed. On July 28, 1949, the petitioner entered his plea of guilty in the county court of Kiowa county to the offense of driving a motor vehicle while under the influence of intoxicating liquor and the court by its judgment fixed the punishment at thirty days in the county jail and a fine of $100 and costs, which fine and costs if not paid, both by the formal judgment of the court and the provisions of the statute, 28 O.S. 1941 § 101, were to be enforced by imprisonment in the county jail at the rate of $1 credit on the fine and costs for each day's imprisonment. At the same time the trial court, pursuant to the provisions of 22 O.S. 1941 §§ 991 and 992, suspended the execution of the sentence and the petitioner was released from custody.

Thereafter, on September 21, 1949, the petitioner again entered his plea of guilty to the charge of driving an automobile while under the influence of intoxicating liquor and his punishment was fixed at three months in the county jail and a fine of $100 and costs, and the defendant was committed to jail to serve said sentence. On the same day, September 21, 1949, the trial court entered an order revoking the suspended sentence given on July 28, 1949.

The petitioner having fully served the jail term and fine and costs on the second offense is now being held to serve the sentence pronounced on July 28, 1949.

The petitioner contends that the trial court was without authority to revoke the suspended sentence for the reason that the order of revocation under the law had to be made within thirty days after judgment was pronounced which was the period of the jail sentence; that the fine and costs are a part of the punishment but that the commitment until the fine and costs are paid is not part of the punishment but is merely a mode of executing the sentence.

The state contends that because of the statutory provision that a fine and costs can be enforced by imprisonment in the county jail at the rate of one day's imprisonment for each dollar of said fine and costs authorizes the trial court during the period in which the fine and costs would have to be served if unpaid to revoke the suspended sentence. The statute in question provides:

"The fees herein provided for the clerk of the district court, the clerk of the superior court, the clerk of the county court, the sheriff, the county attorney, the constable, and the justice of the peace, as provided in this act, and all costs in the prosecution of all criminal actions shall in case of conviction of the defendant be

adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison." 28 O.S. 1941 § 101.

This court has held that the trial court is without authority to revoke a suspended sentence after the period of imprisonment imposed by the sentence has elapsed. Ex parte Eaton, 29 Okla. Cr. 275, 233 P. 781; Ex parte King, 40 Okla. Cr. 21, 266 P. 511; In re Workman, 74 Okla. Cr. 225, 124 P. 2d 748; Ex parte Miller, 88 Okla. Cr. 441, 203 P. 2d 890.

The judgment of this court holding that a suspended sentence was revokable only within the period of imprisonment was based upon the interpretation of the language in 22 O.S. 1941 § 992, which required the convicted person who was given a suspended sentence to report to the judge of the court, "at each succeeding term during the pendency of said judgment". It was our interpretation of the intent of the Legislature that after the expiration of the time of imprisonment the judgment was no longer "pending" and the trial court after that time would no longer have the power to revoke the order of suspension.

The question herein presented is a novel one. It is a case of first impression in this state and we have been unable to find any statute corresponding to ours in any other state where such a question has arisen. We can foresee difficulties arising in the administration of

the act regardless of any ruling which this court may make. The statute conferring the power on trial courts to suspend the execution of sentences presented grave constitutional questions as to whether such a power invaded the exclusive prerogative of the executive to grant clemency. However, this court in a divided opinion, has sustained the constitutionality of the statute. Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162. However, since the rendition of that opinion some doubt as to its correctness has arisen because some trial judges of the state in their application of the statute have attempted to treat the statute as giving them power to parole a convict. Our attention has been called to cases where a part of the sentence has been suspended, and in other cases the trial court has suspended the execution of a sentence thirty days after it was pronounced, and in certain liquor cases our attention has been called to where the sentences of habitual offenders have been suspended in direct contravention of the statute. None of the parties hereto are attacking the constitutionality of the statute but in view of the interpretation placed upon the statute by some trial judges of this state a grave question as to its constitutionality still exists despite the opinion of this court in Ex parte Boyd, supra.

Because of the beneficent objects sought to be attained by the statute and because it is the duty of the courts wherever possible to sustain the validity of legislative enactments, we sustained the constitutionality of such statute in Ex parte Boyd, supra. We adhere to our conclusion that the statute is constitutional on its face. However, as pointed out in some cases, it is being applied in an unconstitutional manner.

We agree with the contention of counsel for petitioner that the fine and costs are a part of the punish-

ment but that the commitment until the fine and costs are paid, or satisfied, is not part of the punishment, but merely a mode of executing the sentence. Ex parte Autry, 58 Okla. Cr. 88, 50 P. 2d 239. However, we do not agree with his logic that because of such rule of law the petitioner is entitled to his release. If the petitioner's contention was correct the court would lose all authority to enforce a judgment assessing a fine upon conviction immediately after the execution of the sentence was suspended because immediately upon making the order suspending execution of the sentence the court would have lost all jurisdiction to revoke such order of suspension. In Stone v. State, 86 Okla. Cr. 1, 188 P. 2d 875, 876, it is held:

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace, subject to being withdrawn by the court for a violation of some of the conditions named in statute."

Under this rule of law the suspension of the execution of the entire judgment and sentence including the thirty days imprisonment and the fine and costs would not impair or limit the judgment either for the imprisonment or for the fine and costs. The suspended sentence statute, 22 O.S. 1941 §§ 991 and 992, and the statute authorizing the imprisonment for nonpayment of fine and costs, Tit. 28 O.S. 1941 § 101, must be construed together. The courts apparently have authority to suspend the sentence where a fine only is given and unless it should be held that the accused is considered as being entitled to credit at the rate of $1.00 per day and the sentence accordingly remains "pending" until the fine and costs have been satisfied by such credit, we would be forced to hold that the suspension of the execution

of the sentence would be subject to revocation at any time prior to the actual payment of the fine and costs. This latter alternative would keep the accused under the suspended sentence for an indefinite period and the soundest reasoning sustains the first alternative.

We therefore have come to the conclusion that the sentence of the petitioner was pending not only for the period of the thirty days' imprisonment provided in the judgment, but in the case of nonpayment of the fine and costs for such a period of time as to give the defendant credit on his fine and costs at the rate of $1 for each day's delay. With this conclusion established it follows that the order of revocation was made while the sentence was still pending against the accused and therefore was perfectly valid. The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.