**Anthony Earl WRONE, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–16283.**

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

**480**

Warren L. Griffin, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for respondents.

BRETT, Judge.

Petitioner herein, Anthony Earl Wrone, by and through his attorney, Warren L. Griffin, on September 21, 1970 filed his Petition for Writ of Habeas Corpus; and with permission of this Court, December 9, 1970, filed an Amended Petition seeking his release from the Oklahoma State Penitentiary at McAlester, Oklahoma.

The history of petitioner's complaint is stated substantially as follows:

1. On January 10, 1961, petitioner was sentenced in the District Court of Washington County, Oklahoma, to serve a term of five years in the State Penitentiary for the crime of Larceny of Narcotic Drugs. The sentence was suspended "during the good behavior of the defendant".

2. While petitioner was free on the suspended sentence he was indicted by a Federal Grand Jury in Oklahoma City, Oklahoma, on two charges, one of which was for violation of the narcotics provisions of the United States Code. He was subsequently found guilty and sentenced to ten years imprisonment, under Federal Statutes.

3. After petitioner was indicted on the Federal charge, but prior to his conviction in the Federal Court, the County Attorney of Washington County filed an Application to revoke petitioner's suspended sentence, alleging (a) that Anthony Earl Wrone, petitioner herein, had been on April 19, 1964, indicted by a Federal Grand Jury in Oklahoma County on three counts of Federal Violations; (b) that the said Anthony Earl Wrone had been indicted by a Federal Grand Jury in Oklahoma City, Oklahoma, on three counts of Federal narcotics violations having to do with the illegal sale of narcotics; and (c) that during the month of April, 1964, the said Anthony Earl Wrone was observed by Federal Agents as associating with known criminals and persons using narcotics. The Application was unverified.

4. On the 25th day of June, 1964, prior to petitioner's conviction in Federal Court, the Honorable Layton L. Doty, District Judge of Washington County, entered an order revoking petitioner's suspended sentence. The order shows only that the matter came on for hearing upon the Application of the County Attorney without any averment of the presence of, or notice to, petitioner or his counsel. The order states:

"Whereupon, there was presented to the court *information that Anthony Earl Wrone has since said sentence was ordered and suspended during good behavior wilfully violated the terms of his suspended sentence.*"

Thereafter, the suspended sentence of petitioner was revoked, and petitioner was ordered to serve the full term of his five year sentence.

5. After petitioner's conviction in Federal Court in Oklahoma City, he was removed to the United States Penitentiary in Terre Haute, Indiana.

6. A "hold" was placed in Missouri on petitioner by virtue of the order of revocation of suspended sentence.

7. Petitioner was released from the Federal Penitentiary August 17, 1970, and

8. Following extradition, petitioner was returned to Oklahoma, where he is now confined in the State Penitentiary at McAlester, Oklahoma.

At the hearing on the petition for writ of habeas corpus, Mr. Warren L. Griffin appeared as counsel in behalf of petitioner, and Mr. Fred Anderson, Assistant Attorney General, appeared in behalf of the State. It was stipulated that the factual statements contained in the petition and amendment, as substantially recited above, are correct.

In his brief, petitioner seems to rely heavily upon the provisions of 22 O.S.Supp. §§ 991a and 991b, and 22 O.S. § 992. During oral arguments both parties agreed that on the date of petitioner's revocation, June 25, 1964, the statutory provisions effective were Sections 991 and 992 of Title 22, Oklahoma Statutes.

Petitioner asserts three propositions in his brief. (1) That the District Court of Washington County lacked jurisdiction to revoke the suspended sentence and therefore the order of revocation was a nullity inasmuch as it was based upon an indictment rather than a conviction, subsequent to the entry of the suspended sentence; (2) that the order of revocation was null and void because the Application therefor was unverified and there was no affidavit showing the verity of the third ground alleged in the Application. Under this proposition a complaint is registered that the order of revocation is based upon "information" that subsequent to petitioner's suspended sentence, ordered "during good behavior", petitioner wilfully violated the terms of his suspended sentence; and (3) that, as petitioner's suspended sentence had expired July 10, 1966, the order of revocation thereof was null and void at the time entered, and, therefore, petitioner should be discharged from custody forthwith. For this proposition petitioner cites the cases of Ex Parte Arnett, 93 Okl.Cr. 116, 225 P.2d 381 (1953), and Flynt v. State, 91 Okl.Cr. 77, 216 P.2d 344 (1950), which stand, generally, for the rule that after expiration of the term of the sentence ordered in the judgment, cause is no longer pending and, thus, the trial court has no power to revoke an order of suspension of sentence.

It is to be conceded that after expiration of the term of the suspended sentence, the court has no authority to revoke the order of suspension; however, none of the cases cited by petitioner envisions the circumstances presented in this case, and are not applicable to these facts. Petitioner was sentenced to five years imprisonment January 10, 1961, and that sentence was suspended during his good behavior. Later the court was informed petitioner had violated the terms of his suspension and the order of revocation was entered on June 25, 1964, almost seven (7) months before his suspended sentence would have otherwise been satisfied. The conditions of the suspended sentence continue in effect during the entire five year period, not for just four years and three months.

The statute in effect governing the revocation of suspended sentences, at the time of this violation, 22 O.S.1961, § 992, reads in pertinent part as follows:

"* * * Provided, that if it shall be made to appear to said Judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event the said Court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and *shall serve out the full term* for which he had originally been sentenced."

(Emphasis ours)

At the time of petitioner's revocation, the applicable law of this state, set forth in Ex Parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162 (1942), was that one accused of violation of the terms of his suspended sentence was not entitled—as a matter of right—to benefit of counsel, or to a jury trial; and, as established in Ex Parte Swain, 88 Okl.Cr. 235, 202 P.2d 223 (1949), revocation of a suspended sentence was a matter addressed to the discretion of the trial judge, and any hearing in connection therewith could be of summary character. See also Stone v. State, 86 Okl.Cr. 1, 188

**482**

P.2d 875 (1948); and State v. Humphrey, 85 Okl.Cr. 153, 186 P.2d 664 (1947).

Ex parte Boyd, *supra*, set forth what was considered the better procedure for revocation of suspended sentences, but that decision did not make, nor did it intend to make, that procedure mandatory upon judges. The matter was left to the sound discretion of the trial judge.

 With the enactment of Sections 991a and 991b of Title 22, the Legislature enacted into statutory law the procedure recommendation in the *Boyd Case*, and that is applicable in revocations subsequent to the effective dates of those sections. In this matter the facts, and the law applicable at the time, warrant the action of the District Judge of Washington County, when he revoked the petitioner's suspended sentence.

Petitioner also relies on Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, to support his position, but, at page 137 of the 389 U.S., at page 258 of the 88 S.Ct., at page 342 of the 19 L.Ed.2d citation, supra, appears the following language, to-wit:

"All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing. * * *"

However, the decision in *Mempa, supra,* was rendered November 13, 1967, over three years following the order of revocation of petitioner's suspended sentence.

 We view the United States Supreme Court decisions to be prospective in effect, unless the decision specifically declares it to have retroactive effect. We therefore hold that decision not to be applicable herein.

For the reasons stated, and after a careful examination of the allegations, propositions and the law applicable at the time of the revocation, the petitioner's petition for a writ of habeas corpus is DENIED and his petition therefore dismissed.

BUSSEY, P. J., and NIX, J., concur.