**Terry Wayne DEGRAFFENREID, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. O–78–230.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1979.

**13.** Rules on Perfecting a Civil Appeal, supra note 11, Rule 1.13; *Mapco, Inc. v. Means,* supra note 9.

**14.** See note 9.

Lantz McClain, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

On May 17, 1977, appellant, Terry Wayne Degraffenreid, was convicted in the Creek County District Court by a jury of the crime of Harboring a Fugitive From Justice in Case No. CRF–76–2. He was sentenced on July 8, 1977, to a suspended term of six (6) months.

On January 3, 1978, an application to revoke the suspended sentence was filed, alleging the appellant had violated the conditions of his suspension on November 1, 1977. A violation warrant was issued at this time, but was not served on the appellant until January 9, 1978.

On January 11, 1978, a preliminary hearing was held on the revocation. Appellant admitted to the fact that he was out of the county in violation of suspended sentence conditions. Also, Charles Donnelly, Special Deputy, testified he arrested the appellant for the offense of carrying a concealed weapon in the course of answering a disturbing the peace complaint. The pistol was admitted into evidence over objections of the appellant.

On the 6th of February, 1978, a hearing was held with the Honorable John Maley presiding. The appellant moved to dismiss on the ground that the court had lost jurisdiction. This motion was overruled. The appellant is now and has been, except for two days, free on bond. Judge Maley revoked 30 days of the suspended sentence and placed the appellant in the custody of the Department of Corrections. The appellant brings this timely appeal.

## I

The appellant's only assignment of error alleges that the court lost jurisdiction to revoke appellant's suspended sentence because the term of the sentence had expired (July 8, 1977, to January 8, 1978). The appellant contends that even though the warrant for arrest was issued before the suspended sentence expired, it was not served on the appellant until after the suspension expired. Also, the revocation hearing was held subsequent to the expiration of the suspended sentence.

■ Let us preface our opinion with the assertion that in an application for revocation of a suspended sentence, the effective date is when the application is filed, rather than when the party is arrested. In the case at bar, January 3, 1978, is the effective date.

The appellant cites *Wrone v. Page*, Okl. Cr., 481 P.2d 479 (1971), as the support of his argument. However, in that case the petitioner was sentenced on January 10, 1961, to a five year sentence, later suspended in part. On April 19, 1964, the petitioner was indicted by a federal court. The District Attorney then sought to revoke the suspension of the sentence on June 25, 1964. We held that this time of revocation was appropriate.

The petitioner also relies on other cases in support for his argument. We agree with the holdings of these cases but feel the facts are easily distinguished from the case at bar. In each of the following cases—*Ex parte Miller*, 88 Okl.Cr. 441, 203 P.2d 890 (1949); *In re Workman*, 74 Okl.Cr. 225, 124 P.2d 748 (1942); *Ex parte Bell*, 57 Okl.Cr. 257, 47 P.2d 886 (1935), and *Ex parte King*, 40 Okl.Cr. 21, 266 P. 511 (1928)—this Court voided an application to revoke a suspended sentence which was filed *after* the sentence would have expired. In the case at bar, the application to revoke was filed *before* the end of the suspended sentence.

In *Flynt v. State*, 91 Okl.Cr. 77, 216 P.2d 344 (1950), we affirmed the conviction for assault with a dangerous weapon, noting in the opinion that since the appellant had never posted an appeal bond, the term of his sentence had expired and there could be no revocation of suspension. And in *Ex parte Arnett*, 93 Okl.Cr. 116, 225 P.2d 381 (1950), we upheld a revocation of suspended sentence against a person whose term of imprisonment had expired, but who had not paid the fine and costs imposed. The appellant cites both of these cases, but clearly neither is applicable to his case.

In *Avance v. Mills*, Okl.Cr., 495 P.2d 828 (1972), this Court promulgated the rule for circumstances similar to the appellant's. We held that an application to revoke a suspended sentence, filed before the expiration of the sentence, vests the trial court with the judicial power and authority to hear and determine the issue of revocation. In *Avance*, the defendant could not defeat this authority by continuances or by absenting himself from the state until the term of the sentence had expired. In accord in *Barthiume v. State*, Okl.Cr., 549 P.2d 366 (1976), which held that an application for revocation, when timely filed prior to the expiration of a suspended sentence, extended the court's jurisdiction to hear it until the defendant was available. In the case at bar, the application was filed on January 3, 1978, and appellant's suspended sentence had not run its course until January 8, 1978.

■ As long as the application to revoke is filed before the end of the suspended sentence, the court can maintain jurisdiction with the power and authority to revoke the suspension, even though in reality the suspended sentence may have expired. In the case at bar, the application to revoke was filed January 3, 1978. The appellant was arrested on January 9, and the preliminary hearing was held January 11, 1978, well within the ten day limit set by 22 O.S.Supp.1977, § 991b.[1] We find no error in

---

1. Title 22 O.S.Supp.1977, § 991b, reads in part as follows:

"Whenever a sentence has been suspended by the court after conviction of a person for any crime, the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless a petition setting forth the grounds for such revocation is filed by the

the sequence of events. For the foregoing reasons the court had not lost jurisdiction to hear the revocation proceeding.

## II

Contrary to the appellant's arguments, he did not suffer any violations of his rights to due process of law and a speedy trial, or his protection against double jeopardy.

█ A revocation hearing is not a new trial of the charge for which the probationer was originally convicted. It is a hearing to determine whether any of the conditions attached to the probation have been violated. There is one judgment of guilt and one sentence, and they have already been imposed. The question at the revocation hearing is whether that sentence should be executed. *Marutzky v. State*, Okl.Cr., 514 P.2d 430 (1973). Therefore, no double jeopardy question arises.

█ The appellant makes no specific allegations concerning the alleged denial of due process, and we do not discover any denial in the record. The scope of due process is not as broad in a revocation proceeding as it is in an original criminal proceeding. *Gagnon v. Scarpelli*, 411 U.S. 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). If the proceeding is "fundamentally a fair one" then the requirement is satisfied.

█ In view of the fact that the preliminary hearing was held two days after the appellant's arrest and the hearing was less than a month later, the appellant has no colorable speedy trial claim.

## III

█ Although the matter was not raised in this appeal, we note that there appeared to be some confusion at the revocation hearing as to whether the appellant should have been allowed to post bond pending appeal. Title 22 O.S.Supp.1978, § 991b, provides that an appeal bond shall not be allowed if the revocation is based on the commission of a felony. Carrying a weapon after for-

mer conviction of a felony is a felony—21 O.S.1971, §§ 1283 and 1289.17—and therefore the appellant should not have been allowed to post bond.

The record is free of any error which would justify reversal or modification. The order revoking the suspended sentence is *AFFIRMED.*

CORNISH, P. J., and BUSSEY, J., concur.

district attorney with the clerk of the sentencing court and competent evidence justifying the revocation of said suspended sentence is

presented to the court at a hearing to be held for that purpose within ten (10) days after the date of arrest."