Michael A. GLENN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. 0–84–100.

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Michael A. Glenn, entered a plea of guilty in the District Court of Johnson County, Case No. CRF–80–45, to the crime of Obtaining Cash and/or Merchandise by Bogus Check (21 O.S.1981, § 1541.2). He received a three-year suspended sentence, which began to run October 24, 1980. As a condition of the suspended sentence, the appellant was to pay restitution and court costs. On March 4, 1983, the suspended sentence was revoked for failure to pay restitution and court costs. The trial court imposed a second three-year suspended sentence, which was revoked August 19, 1983. From this revocation the appellant has perfected an appeal.

In his first assignment of error appellant correctly asserts that the second suspended sentence imposed on appellant on March 4, 1983, was error. However, insofar as the present application for revocation of suspended sentence fell within the original three year period imposed by the trial court, such attempted reimposition of a new suspended sentence becomes harmless error. Admittedly, had the present application for revocation of the suspended sentence been filed after October 24, 1983, the court would have clearly been without jurisdiction to enforce the sentence. There seems to be little dispute but that appellant had failed to make restitution to the injured parties, as ordered by the trial court. Therefore, the violation of the conditions imposed by the court appears not to be in dispute. As stated in *Degraffenreid v. State*, 599 P.2d 1107 (Okl.Cr.1979):

> In *Avance v. State*, Okl.Cr., 495 P.2d 828 (1972), this Court promulgated the rule for circumstances similar to the appellant's. We held that an application to revoke a suspended sentence, filed before the expiration of the sentence, vests the trial court with the judicial power and authority to hear and determine the issue of revocation.

*Id.* at 1109.

In the instant case the original three year suspended sentence was imposed on October 24, 1980. The final application to revoke was filed on June 21, 1983, prior to the expiration of the original suspended sentence. Therefore, the trial court did have jurisdiction and authority to hear and dispose of the matter. The hearing and purported action that took place on March 4, 1983, was a nullity.

Secondly, appellant asserts that the three year sentence imposed at the conclusion of the revocation hearing was excessive. After reviewing the facts of this case, this Court finds that the trial court did not abuse its discretion when imposing sentence. *Taylor v. State*, 490 P.2d 1404 (Okl.Cr.1971).

We are therefore of the opinion that the revocation hearing was properly conducted and the judgment and sentence is AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.