[Civ. No. 1852.    Third Appellate District.—May 9, 1918.]

THE PEOPLE, etc., Petitioner, v. Hon. W. T. O'DONNELL, Judge of the Superior Court of Solano County, Respondent.

CRIMINAL LAW—SUSPENSION OF SENTENCE—REVOCATION OF ORDER—ABSENCE FROM STATE—JURISDICTION.—In a criminal action, the superior court is without jurisdiction to set aside an order suspending sentence and releasing the defendant on probation for violation of the order, where the probationary period has expired, since the

power to revoke or modify the order is limited to the period of probation, and the term of probation does not cease to run during the absence of the defendant from the state.

APPLICATION for a Writ of Mandate originally filed in the District Court of Appeal for the First Appellate District to require the Superior Court to accept and exercise jurisdiction of a certain proceeding.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and Arthur Lindauer, for Petitioner.

Francis McInnis, for Respondent.

HART, J.—This is an application for a writ of mandate to require the respondent to accept and exercise jurisdiction of a certain proceeding instituted by the petitioner, as district attorney of Solano County, in the court of which the respondent is the presiding judge.

The facts as gleaned from the petition are: That one Luther R. Perry, having previously to the seventeenth day of July, 1914, been by a magistrate of Solano County held for trial in the said superior court for failure to provide his minor children, with the common necessaries of life (Pen. Code, sec. 270), was, on the day named, arraigned before said court upon an information charging him with that offense and thereupon pleaded guilty thereto; that thereupon the superior court, after due proceedings, made an order suspending the imposition of sentence and releasing the said Perry upon probation, upon certain specified conditions, for the period of three years; that thereafter the said Perry left the state of California and remained therefrom and beyond the jurisdiction of said court during the whole of said period of probation; that he violated the order of suspension of sentence and probation by leaving the state and by failing to comply at any time with any of the conditions of said order of suspension of sentence and probation; that, upon and after the expiration of the said period of probation, said Perry returned to the said county of Solano, this state, and was thereupon, at the instigation of the district attorney of said county, taken into custody by the sheriff of said county for violating said order of suspension

and probation and the conditions upon which said order was made; that thereafter the district attorney appeared before the said superior court and moved that the said order of suspension of sentence be set aside and sentence thereupon pronounced in said case; that the superior court refused to entertain the motion upon the ground that it was then without jurisdiction to take action in the premises, and accordingly dismissed the motion.

Attached to the petition and constituting a part thereof are the minutes of the court in both the proceeding wherein the court suspended the pronouncement of sentence and the proceeding in which the district attorney moved and sought to have the order suspending sentence set aside and sentence pronounced. The court stenographer's transcription of his report of the two proceedings is also annexed to the petition and made a part thereof.

While the minutes of the court in the proceedings wherein the district attorney pressed his motion to set aside the order of suspension of sentence and to have sentence pronounced merely show that the court, without expressing any reason therefor, dismissed the motion, the reporter's notes disclose that the judge appeared to be of the opinion that, the probationary period having expired prior to the time at which the motion was instituted and made, the court had been divested of further jurisdiction of the case, and was, therefore, without legal authority to take any further action therein.

It is contended here by the attorney for the respondent that the court had jurisdiction to dismiss the motion and that the ground of the order of dismissal is of no consequence; that even if the reason for the dismissal was erroneous in a legal view, still the court's jurisdiction to dismiss the motion cannot be challenged through a writ of any kind. It is further contended that in no event will mandate lie to compel a court to accept jurisdiction of a proceeding or action.

Obviously, under the general rule, a court has jurisdiction to dismiss any proceeding before it, and whether its action in doing so is founded on a sound or an unsound reason, legally, would not be inquired into by a court of appeal except in a proceeding appropriate to the review and correction of error. Assuming, however, that the court, in this case, as the reporter's notes of the proceeding show, refused to entertain the motion for the sole reason that it had lost jurisdiction of the

action and that that fact is in a proper way made to appear before us, and assuming further that as a legal proposition the court had not lost jurisdiction of the case, then the further question would arise whether the court may not be compelled, by mandate, to entertain and consider and determine the motion on its merits—that is, the question whether it should or should not be allowed—since there appears to be in such case no "plain, speedy, and adequate remedy in the ordinary course of law," there appearing to be no appeal from such an order of dismissal provided for. But this question we need not decide here, for we are of the opinion that, the motion having been instituted and pressed to the attention of the court after the period of probation had expired, the court, therefore, lost jurisdiction of the case and was without legal authority for granting the motion.

First, it is important to note that it is clear from the record before us that the court, in suspending sentence and admitting Perry to probation, acted under section 1203 of the Penal Code rather than under section 270b of said code, although the latter section appears to have been intended to have special application to cases arising under either section 270 or 270a of the Penal Code. Section 270b provides for the suspension of sentence in such cases upon the filing by the defendant of an undertaking, valid and binding for the period of six months only, and conditioned for the payment of such monthly sum as the court may fix for the support of either the minor children or the wife, as the case may be, during the time that such undertaking shall run. The section further provides that, upon the failure of the defendant to comply with the undertaking, he may be ordered to appear before the court and show cause why further proceedings should not be had in the action, or why sentence should not be pronounced, and the court is then authorized to pronounce sentence or modify the order or take a new undertaking and further suspend proceedings on sentence "for a like period."

Section 1203 of the Penal Code clothes the court with the authority of admitting any person over the age of eighteen years, who has pleaded guilty to or been convicted of any crime, to probation upon certain specified conditions. The court is by said section empowered to suspend the imposition or execution of sentence and may direct that such suspension may continue for a period of time not exceeding the maximum

possible term of such sentence, except where the offense consists of a violation of section 270 or 270a of said code, in either of which cases such suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years. The court may also, when acting under said section, require the defendant to give a bond for his appearance before the court at any time such appearance may be required for the purpose of investigating any alleged violation of the terms and conditions of probation.

In this case, no undertaking, as required by section 270b, was taken, nor, so far as the record here discloses, was any bond given and filed by the defendant, as required by section 1203. So far as the record before us shows, the court merely suspended the imposition of sentence and admitted the defendant to probation for the term of three years upon certain prescribed conditions. It is, therefore, evident, as above stated, that the proceeding was the one authorized by section 1203 and not the one authorized by section 270b.

Returning, now, to the proposition that the court had lost jurisdiction of the action, and, therefore, was without legal authority for entertaining or acting upon the motion, except to dismiss it, attention should first be directed to the language of subdivision 4 of section 1203, which is as follows: "The court shall have power at any time *during the term of probation* to revoke or modify its order of suspension, of imposition or execution of sentence. It may, at any time, when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the person so held, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall, at the end of the term of probation, be by the court discharged."

We think that these two propositions are clearly deducible from the language of said section 1203, viz.: 1. That the court may, whether the defendant be present in or absent from court at the time, revoke the order suspending the imposition of sentence or the execution thereof and admitting him to probation, upon a sufficient showing that he has violated any of the terms and conditions upon which such order was made; 2. That, under the provisions of subdivision 4 of said section, the court loses jurisdiction or power to make an order revok-

ing or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period has expired.

As to the soundness of the last stated proposition there can be no possible doubt. It is necessarily implied from the initial language of subdivision 4 of said section. The authority in a court to suspend a sentence or the execution thereof in a criminal case and liberating the defendant for a certain period is wholly statutory, and the statute itself furnishes the measure of the power which may thus be exercised. Nothing which cannot be found in the statute or which is not reasonably and fairly or necessarily within the reason or spirit or intent thereof can be imported into it by the courts. When, therefore, the legislature says, as it has said, that the order of suspension and probation may be revoked or modified *during the term of probation,* without adding language so qualifying that provision as to justify the construction that the time when such revocation or modification may be made is extended beyond the term or period of probation, the necessary implication is that it was the legislative intention not to confer upon the court the right to exercise that power after the time at which the period of probation has expired. Indeed, this view of subdivision 4 of the statute in question follows from a consideration of its language by the light of the familiar statutory rule of construction, *expressio unius est exclusio alterius.*

But the district attorney contends that, Perry having left the state and so placed himself beyond the jurisdiction of the court, and remained therefrom until after his term of probation had expired, the said term of probation, by analogy to the rule in this state with respect to the statute of limitations as applied to the finding of indictments and the filing of informations in criminal cases (Pen. Code, sec. 802), ceased to run while he was absent from the state. We cannot agree to that contention. While the rule in this state, unlike that of the common law, is that penal statutes are not to be strictly construed, but are to be given such construction as will comport with the fair import of their terms, with a view to effect their objects and to promote justice (Pen. Code, sec. 4), yet where certain powers are conferred upon a court or other tribunal wholly by statute, the nature and extent of such powers must be ascertained and determined from the language of the

statute itself.  As above stated and as our law declares (Code
Civ. Proc., sec. 1858), nothing can be added to or taken from
a statute in construing and applying it.  The statute in ques-
tion here itself fixes and limits the time within which an order
suspending sentence or the execution of a sentence already
imposed may be set aside or modified.  It in no way qualifies
the provision as to the time when such an order may be made.
Neither in said statute nor in any other law of this state to
which our attention has been called is there any provision that
the term of probation shall cease to run during the absence
of the defendant from the state while such order remains
alive.  In the absence of such a provision, it must be held
that the term of probation continued unbroken until it reached
the end of the time to which it was expressly limited.  Clearly,
section 802 of the Penal Code cannot be made to apply to a
case of this character.  It is plain that it does not directly
apply, and we cannot perceive how it may reasonably be made
to do so by analogy.

In this case, the terms and conditions upon which the court
suspended the imposition of sentence and admitted the de-
fendant to probation were these: 1. That he pay to the proba-
tion officer of the county a certain sum each month for the
support of his two minor children; 2. That he, during the
term of probation, refrain from using intoxicating liquors and
from visiting saloons or other places where such liquors are
kept for sale; 3. That he report in writing every two weeks
to the probation officer his whereabouts, occupation, and earn-
ings, "and shall not leave or absent himself from the state of
California without first obtaining written permission from the
district attorney of said county."  It is further provided that
violation of any of the terms and conditions of said order
"shall be and is hereby made cause for the revocation hereof."

Thus it appears that the violation of any one or all of said
terms of probation is expressly made a sufficient cause for the
revocation of the order of probation, and the statute (subdi-
vision 9, section 1203, *supra*), makes it the duty of the proba-
tion officer of the county to report to the court any such viola-
tion.  The defendant in this case, when he left the state and
failed to make the payments required for the support of his
minor children, was guilty of a violation of at least two of
the conditions upon which he was released on probation.  Of
such violation, the probation officer was fully cognizant, and

had he reported it to the court, the order admitting him to probation could have been nullified, or whether set aside or not while Perry was out of the state, steps could have been taken to apprehend the prisoner, who in either case then would in law have been an escape and a fugitive from justice. But the record here does not show that any report of the default of the defendant in complying with the terms of his release on probation was ever, at any time, made to the court, nor that any further proceedings were taken in the case until after the term of probation had expired.

Our conclusion is, as above stated, that the court was without jurisdiction to entertain the motion to set aside the order suspending the imposition of sentence and admitting the defendant in the action to probation, and the alternative writ of mandate is accordingly discharged and the proceeding herein dismissed.

Chipman, P. J., and Burnett, J., concurred.