PEOPLE v. HODGES.

1. CRIMINAL LAW—FIXING OF DAY OF HEARING TO REVOKE PROBATION BETTER PRACTICE ALTHOUGH UNNECESSARY.

While it is not necessary that a formal hearing be had to revoke a probation, it is better practice for the trial judge to fix a day of hearing and give the defendant an opportunity to be heard.[1]

2. SAME — CONSENT TO ADJOURNMENT PRESUMED WHERE PRESENT AND NOT OBJECTING THERETO.

Where defendant appeared at a hearing to revoke his probation, and made no objection to an adjournment of the

[1]Criminal Law, 16 C. J. § 3143 (Anno).

matter, but agreed to be present on the day fixed he must be deemed to have consented to the adjournment.[2]

3. SAME—JURISDICTION TO REVOKE NOT LOST BY ADJOURNMENT TO DATE SUBSEQUENT TO EXPIRATION OF PROBATION PERIOD.
     Under the statute (1 Comp. Laws 1915, § 2032) providing that "at any time during the period of probation" the court may revoke the probation, the filing of a petition to revoke a probation, filed within the probation period, gives the court jurisdiction which is not lost by an adjournment to a reasonable date, although said adjourned date is subsequent to the expiration of the probation period.[3]

Certiorari to Oceana; Vanderwerp (John), J.   Submitted June 2, 1925.   (Calendar No. 32,031.)   Decided July 16, 1925.

Lewis Hodges was sentenced on violation of his parol.   Affirmed.

*Willard G. Turner, Jr.*, for appellant.

*Andrew B. Dougherty*, Attorney General, *O. L. Smith*, Assistant Attorney General, and *George S. Lovelace*, Special Prosecuting Attorney, for the people.

FELLOWS, J.   On April 9, 1923, Lewis Hodges, who had before that pleaded guilty to a charge of breaking and entering, was placed on probation (1 Comp. Laws 1915, § 2029 *et seq.*).   March 16, 1925, the sheriff of the county filed with the clerk an application to have the probation revoked because Hodges had violated the condition of his probation in that he had upon his plea of guilty been convicted of a criminal offense, that of contributing to the delinquency of one Myrtle Miller, a minor under the age of 17 years.   On the same day of the filing of this petition, Hodges was in court and from the return to the writ of cer-

[2]Criminal Law, 16 C. J. § 3143 (Anno); [3]Id., 16 C. J. § 3143 (Anno).

tiorari it appears that the probation officer was ill and unable to appear in court and the hearing on the sheriff's petition was adjourned until April 13th following without bond and upon the promise of Hodges to then appear.    He did appear on the 13th and a hearing was had, and he was sentenced on the original charge.    Later his present counsel moved to set aside the sentence based on the ground that it was imposed after the period of probation had expired and was, therefore, void.    We allowed *habeas corpus* and certiorari to review this proceeding.

We have spent much time and have examined a large number of cases in an unsuccessful search for a controlling precedent.    Before the enactment of probation laws there was an irreconcilable conflict between the State courts as to the inherent power of courts to suspend sentence.    All agreed that the power existed to stay sentence for the purpose of making a motion for a new trial or in arrest of judgment, or to prepare a case for review, or to apply for a pardon, or to satisfy the conscience of the judge as to the proper sentence or for kindred purposes.    But upon the right of the court to suspend sentence during good behavior, or with a view of the ultimate discharge of defendant without sentence, there was discord which can not be harmonized.    Among our own cases see *Weaver* v. *People,* 33 Mich. 296; *People* v. *Reilly,* 53 Mich. 260; *People* v. *Brown,* 54 Mich. 15; *People* v. *Kennedy,* 58 Mich. 372; *People* v. *Stickle,* 156 Mich. 557.    So far as the Federal courts are concerned, the question was settled adversely to the exercise of the power in *Ex parte United States,* 242 U. S. 27 (37 Sup. Ct. 72, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355), but that case recognizes the power of congress to pass appropriate legislation.    In the margin in that case will be found the citation of a large number

of cases from the State courts dealing with the question.

*Marks* v. *Wentworth,* 199 Mass. 44 (85 N. E. 81), called to our attention by defendant's counsel, is not helpful to defendant. It has long been the practice in Massachusetts "to lay the case on file," thus suspending sentence. Of this practice it was said in *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133:

"Such an order is not equivalent to a final judgment, or to a *nolle prosequi* or discontinuance, by which the case is put out of court; but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the dockets, and leaves it within the power of the court at any time upon the motion of either party, to bring the case forward and pass lawful order or judgment therein."

In both the *Dowdican* and the *Marks Cases,* it was pointed out that this could only be done with the consent of the defendant. In the *Marks Case* the defendant objected, and the writ of mandamus was issued not to compel his discharge but to compel disposition of the case either by sentence or discharge.

While it is not necessary that a formal hearing be had to revoke the probation (*People* v. *Dudley,* 173 Mich. 389), yet we think the better practice was adopted by the trial judge in the instant case of fixing a day of hearing and giving the defendant an opportunity to be heard. He was in court, made no objection to the adjournment of the matter, agreed to be present on the day fixed, and under the circumstances must be deemed to have consented to the adjournment. The language of the Supreme Court of North Carolina in *State* v. *Everitt,* 164 N. C. 399 (79 S. E. 274, 47 L. R. A. [N. S.] 848), is quite applicable. It was there said:

"It must not be overlooked that the suspension of judgment upon terms expressed therein, at September

term, 1911, was entered with the defendant's implied assent at least; he being present, and not objecting thereto.   This court said in *State* v. *Crook*, 115 N. C. 760 (20 S. E. 513, 29 L. R. A. 260), that such an order is not prejudicial, but favorable to a defendant, in that punishment is put off, with the chance of escaping it altogether, and it is presumed that he was present and assented thereto, if he did not ask for it as a measure of relief from impending punishment. The court also expressed some surprise at the suggestion that the rights of a defendant are infringed or his interests impaired by allowing him to escape for the present the toils of the law, by suspending immediate action and affording him an opportunity for reformation as a basis for permanent clemency, instead of requiring him at once to undergo the punishment of the law, for the offense of which he had been convicted.   And we repeat that it is strange he should complain of the merciful consideration which the law thus extends to him."

And in *Gibson* v. *State*, 68 Miss. 241 (8 South. 329), it was said:

"As the defendant pleaded guilty, and was liable to be immediately sentenced to pay a fine and costs, and to be imprisoned, and the court, presumably with the consent of the defendant for whose benefit it was and who did not object, suspended judgment and postponed sentence except for costs, no wrong was done to him by pronouncing at a future term the sentence, which might have been immediately given, but was thus delayed."

Counsel for defendant stresses the language found in section 2032, 1 Comp. Laws 1915, being section 4 of the act, that "at any time during the period of probation" the court may revoke the probation, and points out that the order was not actually made until after the period of probation originally fixed had expired. If no action had been taken during the period of probation a more serious question would be presented. But here the petition to revoke the probation was filed within the period of probation and we think it must

be held that the filing of this petition within the period of probation gave the court jurisdiction which was not lost by a reasonable delay incident to a hearing upon it. Had objection been made to an adjournment the court could then have passed sentence and no question could have been raised to its validity. *People* v. *Dudley, supra.* The fact that a witness was ill, or time was given defendant to prepare for a hearing, or the work of the court necessitated a delay, or for other good reason an adjournment was necessary, did not oust the court of jurisdiction to act upon a petition seasonably filed.

It follows that both writs must be dismissed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, J., did not sit.