PARKERSON *v.* STATE.

4933                                          321 S. W. 2d 207

Opinion delivered February 23, 1959.

[Rehearing denied March 23, 1959]

*Gordon Carlton* and *Shaver, Tackett & Jones,* for appellant.

*Bruce Bennett,* Atty. General and *Thorp Thomas,* Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. We are concerned on this appeal with the interpretation of the last clause in Section 43-2324, Ark. Stats. which provides for the revocation of a suspended sentence. The facts are simple and undisputed.

On October 13, 1953, the appellant, Charles Parkerson, pleaded guilty in the Sevier County Circuit Court to the crime of selling intoxicating liquors and was sentenced to serve 5 years (beginning on said date) in the state penitentiary. On the same day the court suspended the sentence "upon the good behavior of defendant, that defendant not violate any liquor laws or other laws of the state . . ."

The statute mentioned above reads as follows:

"Whenever, in criminal trials in circuit court, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a suspended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; *provided however, the Court having jurisdiction may at anytime during the period of suspension revoke the same and order execution of the full sentence.*" (Emphasis supplied.)

On September 3, 1958, (39 days before the end of the suspension period) the prosecuting attorney filed a petition in aforesaid court to revoke the suspended sentence. The petition stated that on August 30, 1958, appellant unlawfully had in his possession in Sevier County two and one-fifth gallons of intoxicating liquors and that he unlawfully transported the same from one place to another in said county.

Appellant was arrested on September 4, 1958, and arraigned in open court, bond was arranged, and a hearing set for the 17th of the same month. On the latter date, appellant's attorney filed a Motion for Continuance in which it was stated that appellant was admitted

to a hospital in Texarkana two days previously for major surgery, and had actually undergone surgery on the 16th. Attached to the motion was a doctor's statement confirming the above, and also stating that the appellant should be able to leave the hospital in ten days or two weeks but would have a recuperating period of four to ten weeks. Upon the above showing, the trial court entered an order passing the matter until the adjourned term of court on Monday, November 3, 1958. This date, of course, was some 20 days after the expiration of the suspension period.

On November 4, 1958, a hearing was held on the Petition to Revoke, at which time appellant contended the trial court had lost jurisdiction to revoke because "the five-year sentence entered on the 13th day of October, 1953, had expired." After hearing testimony with reference to appellant's violation of the liquor laws, the court entered its order revoking the suspended sentence, and committed appellant to the State Penitentiary to serve the original sentence. Appellant has appealed from the above order.

The very interesting and difficult question presented here is whether the trial court, under the above state of facts and under the aforementioned statute, had jurisdiction to revoke the suspended sentence and commit appellant to the State Penitentiary. This court has not heretofore passed upon this exact issue. In the case of *Canard* v. *State*, 225 Ark. 559, 283 S. W. 2d 685, we construed said Section 43-2324 and held that the trial court had no jurisdiction to revoke a suspended sentence after the expiration of the suspension date. The above decision is not decisive however of the issue here presented for the reason that no application to revoke was filed in the trial court until after the end of the suspension period. In the case under consideration it is not questioned that the trial court on September 3, 1958, when the petition was filed, acquired jurisdiction. The only question is whether jurisdiction was lost by the court in postponing the hearing at appellant's request. We have reached the conclusion that jurisdiction was not lost.

We question the relevancy here of appellant's argument, citing *Holford* v. *State,* 173 Ark. 989, 294 S. W. 33, that criminal statutes must be strictly construed, and that courts should not by construction create offenses. That this rule is usually applied to criminal statutes or penal statutes there can be no doubt. However, in construing the last portion of Section 43-2324 we are not dealing strictly with a penal law but just the opposite. Black's Law Dictionary defines a penal law as one which imposes a penalty for the violation of it. The language of that part of the statute under consideration imposes no penalty but rather provides an escape therefrom. The only penalty imposed by Section 43-2324 is the one that is imposed upon a conviction or a plea of guilty. Since the trial court admittedly had jurisdiction on September 4, 1958, to revoke the suspension and impose sentence we are loath to say the court lost jurisdiction in the absence of any explicit statute to that effect, and there is none. It occurs to us that appellant's rights under the statute became fixed on the date of the filing of the application to revoke, and that it was for his benefit and at his request a postponement was granted. If he could have shown later that he had not violated the conditions of the suspension he would have escaped punishment for the original offense. It would be approaching the ridiculous to hold that appellant should be allowed to ask for and accept the favor of the court and then later use that favor to deprive the court of jurisdiction over him.

In reaching the conclusion that the trial court did not lose jurisdiction in this case, we are sustained by the only case we have been able to find among the decisions of other states where the effective statute was like our own.

In *People* v. *Hodges,* 231 Mich. 656, 204 N. W. 801, the court in dealing with the same factual situation we have here construed Section 2029 *et seq.* of the Compiled Laws of Michigan, 1915. The pertinent part of the Michigan Statute reads: "At anytime during the period of probation the court may, upon report by a probation officer . . . revoke and terminate the same,

and issue a warrant for the probationer.'' In the cited case the probationer's hearing was set for a date before the expiration of the suspension period, but upon a showing that the probation officer was ill and unable to appear in court the hearing was adjourned until after the suspension period had ended. It was stated in the opinion that the defendant did not object to the postponement. The Michigan court, in deciding against appellant's contention here, and in construing the words ''at anytime during the period of probation,'' said: ''But here the petition to revoke the probation was filed within the period of probation, and we think it must be held that the filing of this petition within the period of probation gave the court jurisdiction which was not lost by a reasonable delay incident to the hearing upon it. Had objection been made to an adjournment, the court could then have passed sentence and no question could have been raised to its validity.''

There are numerous decisions from other states with statutes similar to but not exactly like our own which hold that the trial court, under facts like those in this case, does not lose jurisdiction. See: *State ex rel. Lee* v. *Coker*, (Fla.) 80 So. 2d 462; *Ex Parte Robert Louis Fennell*, 162 Tex. Cr. R. 286, 284 S. W. 2d 527; *Lovell* v. *State*, 223 S. C. 112, 74 S. E. 2d 570; *Ex Parte LuJan*, 18 N. M. 310, 137 P. 587; *Ex Parte Hart*, 29 N. D. 38, 149 N. W. 568; *Ex Parte Lucero*, 23 N. M. 433, 168 P. 713, and; *State Ex Rel Tingstad* v. *Starwick*, 119 Wash. 561, 206 P. 29.

It follows from what we have said that judgment of the trial court must be, and it is hereby affirmed.

ROBINSON, J., dissents.