**Reginal Brooks AVANCE, Petitioner,**

**v.**

**Clarence MILLS, Judge of the District Court for Oklahoma County, Okla., Respondent.**

**No. A–17302.**

Court of Criminal Appeals of Oklahoma.
March 22, 1972.

Terry L. Meltzer, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

SIMMS, Judge:

This is an Original Proceeding in this Court wherein petitioner seeks to prohibit the District Court of Oklahoma County from conducting a hearing to revoke a suspended sentence previously imposed upon petitioner. Petitioner's position, briefly stated, is that the trial court has lost jurisdiction to hear said application because of expiration of his sentence before time of hearing.

On the 28th day of November, 1966, petitioner, who shall hereinafter be referred to as defendant, received a five year suspended sentence for the offense of Robbery in the First Degree.

Thereafter on November 2, 1970, the District Attorney of Oklahoma County filed an application to revoke suspended sentence by reason of conviction of defendant, had on a plea of guilty to a felony in Tulsa County. Alias Warrant was issued for defendant's arrest.

Defendant was brought before the court on May 18, 1971, in response to a Writ of Habeas Corpus-Ad Prosequendum, directed to the Sheriff of Tulsa County, Oklahoma, in whose custody defendant was being held on the date of issuance of the writ. At the May 18th appearance, bail was fixed for defendant's appearance and the application to revoke set for hearing on May 28, 1971.

Prior to the time for hearing the application to revoke, attorney for defendant caused to be filed a written, verified, motion for continuance which alleged he was committed to try a civil case in another court on May 28, 1971. The trial court granted the motion for continuance and re-docketed the revocation hearing for June 28, 1971.

After the matter was ordered continued, defendant was immediately returned to Tulsa County, where, according to statement of defense counsel made in argument before this Court, defendant obtained his release from the custody of the Sheriff of Tulsa County, and was on June 28, the date of the hearing, at liberty.

On June 28th, neither defendant nor his attorney appeared for hearing and the court again issued a warrant for defendant's arrest. The Sheriff of Oklahoma County immediately notified the Sheriff of Tulsa County, and finally, on November 24, 1971, some three days prior to the expiration date of the Five (5) Year suspended sentence, the Sheriff of Tulsa County acknowledged the warrant issued from Oklahoma County with the statement that Creek County had a prior hold on defendant and would get him first.

On December 16, 1971, defendant appeared before the trial court with counsel and the application was again set for January 6, 1972.

Defense counsel concedes in argument that neither he nor defendant made inquiry as to the status of the application pending in Oklahoma County after defendant secured his release from custody in Tulsa County prior to the June 28th setting.

Both defendant and the state concede, and we acknowledge, that this Court has held

many times that the trial court is without power to revoke a suspended sentence after the expiration of its term. We note that such decisions were written prior to 1967 when the Oklahoma Legislature enacted 22 O.S.1971, § 991b, which provides for a hearing right to counsel, confrontation, and right to present evidence before a suspended sentence may be revoked. Prior to enactment of § 991b, no hearing was necessary.

Because the assertion of defendant in the instant case presents a case of first impression of this State, we must look to those jurisdictions which have the exact time limitation on revocation that Oklahoma has. Michigan, California, and Arkansas have enacted statutes providing, in effect, that a suspended sentence may not be revoked after the expiration of its term.

The Supreme Court of Michigan, in People v. Hodges, 231 Mich. 656, 204 N.W. 801, held:

"Counsel for defendant stresses the language found in section 2032, C.L.1915, being section 4 of the Act (Pub.Acts 1913, No. 105) that 'at any time during the period of probation' the court may revoke the probation and points out that the order was not actually made until after the period of probation originally fixed had expired. If no action had been taken during the period of probation, a more serious question would be presented. But here the petition to revoke the probation was filed within the period of probation, and we think it must be held that *the filing of this petition within the period of probation gave the court jurisdiction which was not lost by a reasonable delay incident to a hearing upon it.* Had objection been made to an adjournment, the court could then have passed sentence, and no question could have been raised to its validity. . . . The fact that a witness was ill, or time· was given defendant to prepare for a hearing, or the work of the court neces-

sitated a delay, or for other good reason an adjournment was necessary, did not oust the court of jurisdiction to act upon a petition seasonably filed." (emphasis added)

In re Griffin, 67 Cal.2d 343, 62 Cal.Rptr. 1, 431 P.2d 625 (1967) holds for the proposition that a defendant would be estopped from attacking revocation of his probation on the ground that the period of probation had expired where defendant requested continuance,. which when granted, continued hearing on revocation past expiration date. The Supreme Court of California, in *Griffin,* supra, wrote:

"A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' "

"The trial court's determination that he is estopped is in harmony with the proper operation of the probation system."

The Supreme Court of our sister state of Arkansas held in Parkerson v. State, 230 Ark. 118, 321 S.W.2d 207 (1959):

"The very interesting and difficult question presented here is whether the trial court, under the above state of facts and under the aforementioned statute, had jurisdiction to revoke the suspended sentence and commit appellant to the State Penitentiary. This court has not heretofore passed upon this exact issue. In the case of Canard v. State, 225 Ark. 559, 283 S.W.2d 685, we construed said Section 43–2324 and *held that the trial court had no jurisdiction to revoke a suspended sentence after the expiration of the suspension date.* The above decision is not decisive however of the issue here presented for the reason that no application to revoke was filed in the trial court until after the end of the suspension period. *In the case under consideration it is not questioned that the trial court on September 3, 1958, when the pe-*

*tition was filed, acquired jurisdiction.* The only question is whether jurisdiction was lost by the court in postponing the hearing at appellant's request. We have reached the conclusion that jurisdiction was not lost.

It occurs to us that *appellant's rights under the statute became fixed on the date of the filing of the application to revoke,* and that it was for his benefit and at his request a postponement was granted. If he could have shown later that he had not violated the conditions of the suspension he would have escaped punishment for the original offense. It would be approaching the ridiculous to hold that appellant should be allowed to ask for and accept the favor of the court and then later use that favor to deprive the court of jurisdiction over him." (emphasis added)

We, therefore, conclude that the filing of the application to revoke suspended sentence vests the court with judicial power and authority to hear and determine the issue of revocation, and the defendant cannot defeat that authority by either seeking continuance beyond the expiration date of the suspended sentence or by voluntarily absenting himself from the county or state. To hold otherwise would encourage those under probationary, suspended, or deferred sentences to go to some locality where he could not be found, and remain there until after the expiration of his sentence; he would then be free of any restraint of his personal conduct, occasioned by the court's leniency in holding in abeyance the commencement of his term of imprisonment. It necessarily follows that it is incumbent upon the State to exercise due diligence in obtaining the presence of defendant before the court for the purpose of such a hearing.

The Application for Writ of Prohibition is therefore denied.

BUSSEY, P. J., and BRETT, J., concur.