Darrell George DECKER, Petitioner,

v.

STATE of North Dakota and Robert M. Landon, Warden of the State Penitentiary, Bismarck, North Dakota, Respondents.

Cr. No. 442.

Supreme Court of North Dakota.

May 11, 1973.

Rehearing Denied July 13, 1973.

Robert A. Keogh, Mackoff, Kellogg, Kirby & Kloster, Dickinson, for petitioner.

Tom M. Beyer, Stark County Asst. State's Atty., Dickinson, for respondents.

ERICKSTAD, Judge.

A writ of habeas corpus having been issued by Chief Justice Strutz commanding Robert M. Landon, the Warden of the State Penitentiary, to bring the petitioner Darrell George Decker before this court for a hearing to be held at 10 a. m. on the 19th day of March 1973, and such writ having been complied with and such hearing having been held, it is now our duty to ascertain whether Mr. Decker is being unlawfully held at the State Farm.

Decker having pleaded guilty to the crime of burglary in cases No. 1273 and No. 1274 in the district court of Stark County, the court on the 25th of May 1970 deferred the imposition of sentence in each case until the 4th day of January 1973, upon certain conditions.

The suspension of the imposition of sentence was appropriate under Section 12–53–13, N.D.C.C.

"12–53–13. Imposition of sentence suspended—When authorized.—When a defendant has been found guilty of a

crime, whether or not for the first time, the court having jurisdiction thereof, including a county justice, upon application or its own motion may, in its discretion, suspend the imposing of the sentence and may direct that such suspension continue for a definite period of time, upon such terms and conditions as it may determine. Such period shall not exceed five years, except that in cases where the defendant has been found guilty of abandonment or nonsupport of his wife or children, the period may be continued for as long as responsibility for support continues." N.D.C.C.

With the suspension of the imposition of sentence, Decker automatically came under the control and management of the parole board, pursuant to Section 12–53–14, N.D.C.C.

The pertinent part of that section reads:

"12–53–14. Defendant placed under control of parole board—Sponsor of defendant.—In the event the court shall suspend the imposition of sentence of a defendant, the court shall place the defendant on probation during the period of suspension. During the period of probation the defendant shall be under the control and management of the parole board, subject to the same rules and regulations as apply to persons placed on probation under suspended sentence as provided in this chapter. * * *" N.D.C.C.

On the 18th of January 1973 a petition was filed by one of the State parole officers with the district court of Stark County, requesting revocation of Decker's probation.

At the hearing on the petition, Decker admitted that he had violated the terms of his probation in both cases, in that he had violated State law in two instances within the period of probation, and in failing to make restitution of $500 to the parties wronged by his burglaries, within the period of probation.

By order dated the 2nd of February 1973, the district court revoked the probation in case No. 1273, and by judgment entered on that date sentenced him to confinement at the State Farm for a period of six months. By another order of the same date, the court extended probation in case No. 1274 to the 4th of January 1974, to give him additional time to make restitution.

Decker contends that the trial court did not have jurisdiction in either case to revoke probation after the expiration of the period of probation. He asserts that the State had ample opportunity not only to file the petition but also to bring the matter on for hearing within the period of probation, inasmuch as he had entered pleas of guilty in courts of this State to violations of State law well within the period of probation.

The State asserts that it did not file the petition or bring the matter on for hearing within the period of probation for the reason that it did not want to harass the petitioner and for the further reason that had the State done so, the petitioner's response would have been that he had the entire period of probation within which to make restitution and thus was not in violation of the probationary conditions in respect thereto.

The basic issue before us is not whether the State had the opportunity to file the petition and bring it on for a hearing within the period of probation, but whether the court lost jurisdiction to act on the petition when it was filed after the period of probation set by the court but within the five-year period of probation authorized by law.

In support of his contention that the court lost jurisdiction, Decker cites a number of decisions, all of which hold that unless the petition for revocation is filed prior to the expiration of the period of probation, the court loses jurisdiction.

The decision most clearly resembling the situation in our case is alleged to be Avance

v. Mills, 495 P.2d 828 (Okl.Cr.1972). In that case the petitioner received a five-year suspended sentence for robbery. Within that period of time, the State filed an application to revoke the suspended sentence because of the petitioner's conviction on a plea of guilty to a felony within that time. The petitioner moved for a continuance, which resulted in the hearing on the petition to revoke being held after the expiration of the five-year period.

The Oklahoma Supreme Court, after reviewing decisions of Michigan, California, and Arkansas, concluded that the trial court acquired jurisdiction when the petition was filed within the term of the suspended sentence and that it did not lose jurisdiction in postponing the hearing to a date following the expiration of the five-year term.

Although the Oklahoma statute in effect in *Avance* did not specifically require that the petition be filed within the term of the suspended sentence to vest the court with jurisdiction, the supreme court in reviewing the decisions of the states previously mentioned, inferred that unless such a petition was filed within the term the court lacked jurisdiction to act. Previous Oklahoma decisions so holding were based upon the earlier language of Section 992, which required the probationer *"to report to the judge* of the court wherein convicted, at each succeeding term *during the pendency of said judgment"* [Emphasis added]. See Ex Parte Eaton, 29 Ok.Cr. 275, 233 P. 781 (1925).

In People v. Hodges, 231 Mich 656, 204 N.W. 801 (1925), referred to in *Avance,* the Michigan Supreme Court did not specifically hold that the court's jurisdiction to revoke probation was lost unless the petition to revoke was filed within the period of probation. The inference that jurisdiction may have been lost had the petition not been filed within the period of probation is derived from the following:

*"If no action had been taken during the period of probation, a more serious question would be presented.* But here the

petition to revoke the probation was filed within the period of probation, and we think it must be held that the filing of this petition within the period of probation gave the court jurisdiction which was not lost by a reasonable delay incident to a hearing upon it." People v. Hodges, *supra,* 204 N.W. 801 at 802 [Emphasis added].

The Michigan court in *Hodges,* in intimating that a more serious question would be presented if the petition had not been filed within the term, was apparently thinking of the language of Section 2032, C.L. 1915. The pertinent part thereof reads:

"(2032) Sec. 4. At any time during the period of probation the court may, upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation, revoke and terminate the same, * * *" Michigan C.L. 1915.

Had the Michigan court been referred to Section 2033 of the same code, which seems to permit the trial court upon the termination of the probation period to extend the probation period as the circumstances may require, it may not have inferred that a more serious question would have been presented had the petition to revoke not been filed within the period of probation.

"(2033) Sec. 5. *Upon the termination of the probation period,* the probation officer shall report the fact to the court and also the conduct of the probationer during the period of probation, and *the court may* thereupon discharge the probationer from further supervision and enter a judgment of suspended sentence, or *extend the probation period, as the circumstances require:* Provided, That the maximum period of probation herein limited shall not be exceeded." Michigan C. L.1915 [Emphasis altered].

In *In re Griffin,* the California decision referred to in *Avance,* the Supreme Court

of California quoted a part of its statute and indicated its views as follows:

"Penal Code section 1203.3 provides that the court shall have authority to revoke or modify probation 'at any time during the term of probation.' The cases have consistently taken the view announced in People v. O'Donnell (1918) 37 Cal.App. 192, 196–197, 174 P. 102, 104, that 'the statute itself furnishes the measure of the power which may thus be exercised' and 'the court loses jurisdiction or power to make an order revoking or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period has expired.'" In re Griffin, 67 Cal.2d 343, 62 Cal.Rptr. 1, 3, 431 P.2d 625, 627 (1967).

In *O'Donnell,* the early decision referred to in *Griffin,* the court suspended the imposition of sentence for a period of three years. The law permitted the trial court to suspend the imposition of sentence for a period not to exceed five years. One of the conditions of probation was that the defendant Perry not leave or absent himself from the State of California without first obtaining written permission from the district attorney. Perry left the State of California and remained therefrom and beyond the jurisdiction of the court during the whole of the period of probation. After the expiration of the period of probation, he returned to California and thereupon the district attorney moved that the order of suspension of sentence be set aside and that sentence thereupon be pronounced.

The supreme court in *O'Donnell,* in holding that the trial court was without jurisdiction to entertain the motion to set aside the order suspending the impositon of sentence, construed Subdivision 4 of Section 1203 of the California Penal Code strictly. That section reads:

"'The court shall have power at any time during the *term of probation* to revoke or modify its order of suspension of imposition or execution of sentence. It may, at any time, when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held shall warrant it, terminate the period of probation and discharge the person so held, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall, at the end of the term of probation, be by the court discharged.'" People v. O'Donnell, 37 Cal.App. 192 at 196, 174 P. 102 at 104 (1918) [Emphasis added].

It is interesting to note that that section speaks of "the term of probation", whereas our statute speaks of "course of probation".

"12–53–17. Court may revoke, modify, or terminate suspension.—The court shall have authority at any time during the *course of probation* to (1) revoke, modify or change its order of suspension; (2) it may at any time, when the ends of justice will be served thereby, and when the reformation of the probationer shall warrant, terminate the period of probation and discharge the person so held." N.D. C.C. [Emphasis added.]

In further comparing Section 1203.3 of the California Penal Code with our Section 12–53–17, we note that the California statute contains language, not a part of our statute, which in imperative form through the use of the word "shall", directs the discharge of the defendant at the end of the term of his probation if the court has not revoked the order of probation prior thereto.

The pertinent language thereof reads:

"* * * if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections." West's Ann.Penal Code § 1203.3 (Cal.1970).

A pertinent part of the statute referred to in *Parkerson v. State*, 230 Ark. 118, 321 S.W.2d 207 (1959), the Arkansas decision referred to in *Avance*, reads:

"43–2324. Postponing pronouncement of sentence.—Whenever, in criminal trials in all courts of record, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the Judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a suspended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction *may at any time during the period of suspension revoke the same* and order execution of the full sentence. [Annotations omitted]." [Emphasis added.] Arkansas Statutes 1947 Annotated.

The Arkansas statute speaks of the "period of suspension".

It is our view that Sections 12–53–15, 12–53–17, and 12–53–18, N.D.C.C., must be read together to discern the legislative intent. Section 12–53–17 has heretofore been quoted and Sections 12–53–15 and 12–53–18 follow:

"12–53–15. When probation may be terminated.—Whenever the parole board, the court, or the state's attorney, shall have reason to believe such defendant *is violating* the terms of his probation, such probationer shall be brought before the court wherein the probation was granted for a hearing upon the alleged violation. For this purpose any peace officer or state parole officer may rearrest the probationer without warrant or other process. Costs incurred in bringing the probationer before the court shall be borne by the county wherein the probation was granted. The court may thereupon, in its discretion, without notice revoke and terminate such probation, pronounce judgment, and deliver defendant to the sheriff to be transferred to the penitentiary or other state institution in accordance with the sentence imposed." N.D.C.C. [Emphasis added.]

"12–53–18. Records on discharge from probation.—Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time be permitted in the discretion of the court to withdraw his plea of ,guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may dismiss the information or indictment against such defendant, who shall then be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The clerk of the district court shall file all papers, including the findings and final orders in proceedings had hereunder and shall note the date of filing on the papers. The records and papers shall be subject to examination by said clerk, the judges of the court, the juvenile commissioner, and the state's attorney. Others may examine such records and papers only upon the written order of one of the district judges." N.D.C.C.

Section 12–53–15 contemplates that a probationer shall be brought before the trial court for a hearing upon an alleged violation of probation when those named in the section have reason to believe that the probationer "is violating" the terms of his probation.

In the instant case, Decker was not violating the term of his probation, requiring that he make restitution within the three-year period, until the three-year period expired.

To construe Section 12–53–17 to require the trial court to have revoked its order of suspension within the three-year term of probation when the condition of probation permitted the probationer the full three-year period to make restitution would be to make Section 12–53–15 ineffective and in fact meaningless insofar as that condition is concerned.

Because we believe that the Legislature intended that each of these two sections, Sections 12–53–15 and 12–53–17, should have some meaning, we construe Section 12–53–17 as not requiring that the court act to revoke or even that a petition be filed with the court asking that the court revoke the suspension within the period of probation when the condition of probation permitted the probationer to use the entire period of probation within which to make restitution.

We think this view is further supported by the fact that Section 12–53–17 does not speak of the term of probation but rather speaks of the course of probation. As rehabilitation is the objective of Chapter 12–53, it is reasonable to assume that the Legislature intended to give the court the broadest authority possible to accomplish that objective.

Although the Supreme Court of Pennsylvania, in Commonwealth v. Duff, 414 Pa. 471, 200 A.2d 773 (1964), may have inferentially rejected the philosophy expressed by the majority of the Superior Court of Pennsylvania, when it reversed the Superior Court's decision of Commonwealth v. Duff, 201 Pa.Super. 387, 192 A.2d 258 (1963), we think that the philosophy of the Superior Court expresses the legislative intent of our probation statutes. That court said:

"It seems clear that, for the proper operation of a probation system and the attainment of the rehabilitation of the defendant at which it aims, the court must have the power, even after the expiration of the probationary period, to punish a violation which occurs during the period, provided the court acts within in a reasonable time after the violation. * * * It seems obvious that a violation which takes place on the last day of the probationary period, or so near the end of the probationary period that the court cannot act within the period, should be punishable by revocation of the probation thereafter. Similarly, a serious violation of the terms of probation which occurs under circumstances which prevent it from coming to the attention of the probation authorities or the court until after the expiration of the probationary period, should be punishable promptly after the court learns of it. * * *

"In each such case, the question reduces to whether the delay in the revocation and the imposition of the prison sentence is reasonable. It is sufficient that the court which imposed the probation should act promptly after the violation is discovered or, in the case of an accusation of crime, after the conviction, even though the probationary period has expired meanwhile." Commonwealth v. Duff, supra, 192 A.2d 258 at 262, 263.

That the Superior Court of Pennsylvania does not believe that the philosophy it expressed in Duff has been repudiated is disclosed by the fact that it considered, in an opinion written in 1969, all of the circumstances in the case to determine whether the trial court failed to act with reasonable promptness in revoking probation. Commonwealth v. Bomberger, 214 Pa. Super. 429, 257 A.2d 630 at 632 (1969).

In the instant case, action to revoke was taken with reasonable promptness, there having been no violation of the condition requiring restitution until the probation period terminated, it having been taken within in the month following that period.

We need not consider in this case whether action was taken with reasonable promptness as to the other violations of the terms of the probation, evidenced by the convictions within the three-year period of probation.

Section 12–53–18 further supports our view in that it requires a defendant who has been placed upon probation and who seeks to have his case dismissed after the expiration of the period of probation to prove to the court that he has "fulfilled" the conditions of his probation.

In passing, we refer those interested in this subject to Subsections 1 and 2 of Section 12.1–32–06 and Subsection 4 of Section 12.1–32–07 of Senate Bill 2045, enacted by the 43rd Legislative Assembly in 1973, to become effective July 1, 1975. In so doing, we do not attempt to discern the meaning of those sections.

We conclude that the trial court in the instant case had jurisdiction to revoke the suspension of the imposition of sentence and to sentence the defendant when the defendant failed to make restitution within the period of probation, notwithstanding that the petition to revoke the suspension of the imposition of sentence was not filed and the order revoking the suspension was not made within the period of probation established by the court, when the action to revoke was taken with reasonable promptness and within the five-year period authorized by Section 12–53–13, N.D.C.C.

As the trial court had jurisdiction to act and did not exceed its jurisdiction in the action taken, the writ of habeas corpus previously issued to permit a hearing of the issue herein decided is now quashed.

STRUTZ, C. J., and PAULSON, J., concur.

KNUDSON, Judge (concurring specially).

I concur in the opinion of the majority quashing the writ of habeas corpus. However, I do not agree that the jurisdiction of the court is terminated on the expiration of the five-year period for which the imposition of sentence may be deferred. It is my opinion that the court retains jurisdiction of the defendant and of the cause until the matter has been disposed of by the court, either by discharge of the defendant or by imposition of sentence.

In John v. State, 160 N.W.2d 37 (N.D. 1968), we said that when the trial court defers the imposition of sentence and places the defendant on probation the trial court retains jurisdiction of the defendant for the purpose of passing sentence at some future date.

In my opinion, the contention of the petitioner that the trial court is without jurisdiction to revoke the probation or extend the period of probation after the period of probation has terminated is unfounded. I think the statutory provisions on suspension of imposition of sentence evince an intention by the legislature to enlarge the operation and breadth of these statutes rather than to limit them. The language of these statutes indicates that the legislature intended to extend the jurisdiction and authority of the court to fully and completely vest the court with jurisdiction over the defendant until the court has finally brought the matter to a close by the discharge of the defendant or by sentencing the defendant.

The trial court may suspend the imposing of the sentence, and may direct that such suspension continue for a definite period of time, not to exceed five years (§ 12–53–13), and shall place the defendant on probation during the period of suspension (§ 12–53–14).

The statutes on the suspension of the imposition of sentence speak in broad and general terms. Section 12–53–15, North Dakota Century Code, says, "Whenever" the parole board, the court, or the state's attorney shall have reason to believe the defendant is violating the term of his probation. Section 12–53–17, "at any time during the *course* of probation," when the probation may be revoked, modified or changed, and when the court may *at any time* terminate the *period* of probation. Section 12–53–18, "Every defendant who has fulfilled the conditions of his probation for

the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof," may at any time be permitted at the discretion of the court to withdraw his plea of guilty.

These statutes speak of actions that may be done or taken by the court either during or after the *period of probation* has terminated. Many of the actions that may be taken by the court must of necessity be done after the period of probation has terminated. Certainly, the actions to be taken by the court under Section 12–53–18 must be done after the period of probation has terminated.

The words in Section 12–53–17, "during the course of probation," are broad enough to include all steps of the proceedings from the suspension of the imposition of sentence provided in Section 12–53–13 through revocation, modification or change of suspension, or termination of the *period of probation*. The words, "course of probation," as used here are not words of limitation, but broaden and extend the jurisdiction of the court to enable the court to carry out the steps that must be taken to carry out the mandate of the statute, including the provision of Section 12–53–18 for the release of the defendant from all penalties and disabilities resulting from the offense or crime of which he had been convicted under Section 12–53–18. The jurisdiction of the court continues until final disposition of the defendant has been made.

TEIGEN, Judge (dissenting).

I dissent. I cannot agree that our statutory scheme on the suspension of imposition of sentence, being Sections 12–53–13 through 12–53–20, N.D.C.C., empowers the court to revoke the probation within a five-year period, referred to in Section 12–53–13, N.D.C.C., when the term of probation was for three years, as determined by the majority, or "until the court has finally brought the matter to a close by the discharge of the defendant or by sentencing

the defendant," as opined by Judge Knudson in his special concurrence.

The statutes furnish the measure of power which may be exercised by the court with clarity and finality. In my opinion the court has lost jurisdiction or power to make an order revoking or modifying its order suspending the imposition of sentence when the probationary period imposed by the court has expired.

Section 12–53–13, N.D.C.C., is quoted at length in the majority opinion. That section does not authorize or empower the court to revoke anything. It has nothing to do with the power to revoke. It authorizes the court to "in its discretion, suspend the imposing of the sentence and may direct that such suspension continue for a definite period of time * * * Such period shall not exceed five years * * *" Thus the five-year limitation establishes the maximum period of time that the court may direct that such suspension shall continue.

The defendant is placed on probation during the period of suspension. Section 12–53–14, N.D.C.C. Thus the period of probation and the period of suspension are equal in time.

Section 12–53–15, N.D.C.C., empowers the court "in its discretion, without notice [to] revoke and terminate such probation, pronounce judgment, and deliver defendant to the sheriff to be transferred to the penitentiary or other state institution in accordance with the sentence imposed." Thus before judgment may be pronounced, probation must first be terminated.

Section 12–53–17, N.D.C.C., in part, provides that "the court shall have authority at any time during the course of probation to (1) revoke, modify or change its order of suspension * * *"

Section 12–53–18, N.D.C.C., authorizes a defendant who has fulfilled the conditions of his probation or who has been discharged from probation to, "at any time," be permitted at the discretion of the court to

withdraw his plea of guilty or to have the guilty verdict set aside. It further authorizes the court, in either case, to dismiss the information or indictment against him.

The majority construe the phrase contained in Section 12–53–17, N.D.C.C., "during the course of probation" as meaning something different than "the term of probation" construed in the California case of People v. O'Donnell, 37 Cal.App. 192, 174 P. 102 (1918), cited in the majority opinion, and appear to conclude that the "course of probation" necessarily, under our laws, constitutes a period which may extend beyond the term of probation directed by the court. Judge Knudson, in his concurrence, determines that the phrase "during the course of probation" is not to be construed as a limitation but broadens and extends the jurisdiction of the court, for all purposes, to include all steps of the proceedings from suspension through revocation, modification, change or termination of the period of probation irrespective of time. I cannot agree with either version. To me the phrase "during the course of probation" is synonymous with term of probation, period of suspension, and period of probation.

The word "during" is defined in Webster's Third New International Dictionary as "throughout the continuance or course of."

The phrase "during the course of" is defined in Words and Phrases, Permanent Edition, Volume 13A, at 533, as follows: "The absolute privilege is afforded only to those publications made 'during the course of' or 'as part of' the judicial proceeding," citing Seltzer v. Fields, 20 A.D.2d 60, 244 N.Y.S.2d 792, 796.

The phrase "course of" is defined in Words and Phrases, Permanent Edition, Volume 10, at 180, in a number of cases cited therein, as referring to time. At page 188 through page 341 of the same volume a great many cases are cited in which the "course of employment" has reference to time, place and circumstances.

The Synonym Finder by J. I. Rodale lists the word "term" as a synonym for "course" and "course" as a synonym for "term".

When the statutes pertaining to the suspension of imposition of sentence are read together the meaning of the phrase "during the course of probation" becomes crystal clear. Section 12–53–13, N.D.C.C., empowers the court to direct that the suspension continue for a "definite period of time." Section 12–53–14, N.D.C.C., requires that the court shall place the defendant on *probation* "during the period of suspension." "During the period of probation" the defendant is placed under the control and management of the parole board which shall assume and undertake supervision of the defendant "during the period of his probation." Section 12–53–16, N.D.C.C., makes the probationer a fugitive from justice if he leaves the jurisdiction "prior to the expiration of his probationary period" without permission. Section 12–53–17, N.D.C.C., empowers the court to revoke the order of suspension "at any time during the course of probation." Section 12–53–18, N.D.C.C., empowers the court to allow a withdrawal of the probationer's plea of guilty or to have the verdict of guilty set aside, and to dismiss the information or indictment against him if the probationer has "fulfilled the conditions of his probation for the entire period thereof."

Nowhere do our statutes on this subject use the word "term", contained in the California statutes which the majority distinguish as having a more limited meaning than the term "course" in our statutes. The statutes are clear that the period of probation is the same period of time which the court directs that suspension shall continue during such period the defendant is on probation. Thus the duration of a suspension of imposition of sentence and the probation period are equal and both the probation period and the suspension period will have run their course upon the termination of that period of time. It is my conclusion that the wording of the statute is clear and free of all ambiguities. Section 1–02–05, N.

D.C.C., provides: "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The statutes on this subject furnish the measure of power which may be exercised by the court and it loses its jurisdiction or power to revoke, modify or change its order of suspension of imposition of sentence upon the expiration of the period of suspension, which is equal in time with the period of probation. Following the expiration of the course, term or period of probation its jurisdiction or powers are limited, under proper circumstances, to allowing a withdrawal of the plea of guilty or setting aside the verdict of guilty, and the ordering of a dismissal of the information or indictment.

In this case the defendant, on the same day, entered pleas of guilty to three separate charges of burglary. In one case he was sentenced by the court. This sentence was subsequently served by the defendant. In the other two cases the court deferred the imposition of sentence for a period of almost three years and the defendant was placed on probation. Terms and conditions were imposed that during the period of probation the defendant should not violate the law and that he should "make an honest and diligent effort to repay those business establishments burglarized and to keep a record of all payments, income and efforts made to assist in the repayment of damages to those business places burglarized."

Approximately one year prior to the expiration of the period of probation the defendant pled guilty to a charge of driving a motor vehicle while his license to drive was under suspension, and approximately nine months before the expiration of the period of probation he pled guilty to a charge of operating, or permitting the operation of, a motor vehicle with improper license plates. In addition, he made no payment toward damages caused by his participation in the burglaries.

It must be assumed that the parole officers supervising the defendant had knowledge of these infractions of the terms and conditions of his probation long before the probation period had expired. Therefore it appears that there was ample time in which action could have been taken to revoke, modify or change the order of suspension before the probation period expired. This is not a case of advantage being taken by the defendant because of technicalities. Under the law he had every reason, as does every defendant on probation, to expect that upon the expiration of the term, period or course of his probation he would be freed of the conditions of the probation, but if during such period he had not fulfilled the conditions of his probation he should not anticipate favorable action from the court on his application for a withdrawal of his plea of guilty.

I would grant the writ on the ground that the court in this case exceeded its jurisdiction.